[Civ. No. 3422. First Appellate District, Division One.—August 30, 1920.]

## CARL KONIG, a Minor, etc., Respondent, v. FRED T. LYON et al., Appellants.

[1] NEGLIGENCE—COLLISION BETWEEN BICYCLE AND TRUCK—CONTRIBUTORY NEGLIGENCE—INSTRUCTIONS — CONFLICTING EVIDENCE — VERDICT—APPEAL.—In an action for damages for personal injuries sustained by plaintiff as the result of a collision between the bicycle on which he was riding and the truck of the defendants, the defendants cannot object to instructions that if the jury believe that plaintiff's collision with a companion's bicycle was the proximate cause, the efficient cause of the accident, without which the accident would not have occurred, then the plaintiff is not entitled to recover, and "If the plaintiff was guilty of contributory negligence, no matter how slight, there can be no recovery, even though the defendant was guilty of negligence, because you cannot compare the negligence of the parties"; and the trial court having instructed the jury on the law concerning every claim made by defendants as to the contributory negligence of plaintiff, and under those instructions the jury having found against the defendants on a conflict of direct and circumstantial evidence, their verdict cannot be reviewed on appeal on that point.

[2] ID. — COLLISION BETWEEN BICYCLE AND TRUCK — LAST CLEAR CHANCE.—The doctrine of the last clear chance has no application in a case where the plaintiff, who was riding a bicycle, and the defendants' truck driver each saw the other approaching at a distance of about four blocks, or eight hundred feet, and each held serenely to his course.

[3] ID.—DRIVING ON WRONG SIDE OF STREET—DUTY OF DRIVER.—If such truck driver was driving any part of the truck to the left of the center line of the street, in the line of travel of the plain-

---

3. Rights and duties of persons driving automobiles in highways with respect to persons on bicycles, note, 21 Ann. Cas. 656.

tiff while on his right side of the street, it was the duty of such truck driver under express law to turn to his right and travel wholly on the right side of the road when he was within three hundred feet of the plaintiff coming toward the truck.

[4] ID.—USE OF WRONG SIDE OF STREET—DUTY OF OTHERS TO GIVE WAY.—While doubtless at times it becomes the duty of any user of the highway to yield his right to a violator of some rule of the road under some peculiar or unusual circumstances or conditions, as a general legal proposition, a bicyclist on his right side of the street, seeing a heavy truck on the wrong side of the street approaching him, is not required to give way to it.

[5] ID.—INTEREST OF PARTIES—INSTRUCTIONS.—In an action for damages for personal injuries sustained by plaintiff as the result of a collision between the bicycle on which he was riding and the truck of the defendants, an instruction, "The plaintiff as a matter of course is interested in the case. You will simply consider that fact, and the same with the driver of the truck. He is interested on his side of the case and you can consider it in determining his credibility," is not erroneous.

APPEAL from a judgment of the Superior Court of Los Angeles County. Chas. Monroe, Judge. Affirmed.

The facts are stated in the opinion of the court.

Duke Stone for Appellants.

E. B. Drake for Respondent.

WELCH, J., *pro tem.*—For personal injuries received plaintiff by his guardian *ad litem* brings this action to recover damages for the negligence of defendants. The case was tried before the court with a jury and plaintiff obtained a verdict. From the judgment defendants appeal.

The plaintiff, a boy of twelve years of age, was on December 28, 1917, riding a bicycle northerly on Fern Street, in the town of Watts, Los Angeles County, and the truck of the defendants was coming southerly on the same street, when a collision took place between the boy and the truck. The boy's left arm was seriously injured and his face cut. No question is raised as to the sufficiency of the evidence to

---

4. Rule of the road governing vehicles proceeding in opposite directions, notes, 73 **Am. Dec.** 404; 13 **Am. Rep.** 135; 41 **L. R. A.** (**N. S.**) 322.

sustain the verdict as to the negligence of the defendants, but the appellants contend that the evidence shows that "plaintiff was guilty of contributory negligence proximately contributing to some extent to the cause of the injury as a matter of law, and that the court erred in instructing the jury."

[1] On the question of contributory negligence the court fairly and correctly charged the jury. It instructed the jury on the law concerning every claim made by defendants as to the contributory negligence of plaintiff. Among other instructions on the subject of contributory negligence it charged the jury that if it believed that plaintiff's collision with a companion's bicycle was the proximate cause, the efficient cause of the accident, without which the accident would not have occurred, then the plaintiff would not be entitled to recover. "If the plaintiff was guilty of contributory negligence, no matter how slight, there can be no recovery, even though the defendant was guilty of negligence, because you cannot compare the negligence of the parties." Certainly these instructions cannot be objected to by the defendants and appellants. Under these instructions the jury found against the appellants on a conflict of direct and circumstantial evidence, and therefore the verdict and judgment cannot be reviewed here on that point.

[2] The doctrine of the last clear chance has no application in this case. If it has, the rule would apply with more pertinency to the acts of the driver of the truck than to those of the plaintiff. Each saw the other approaching at a distance of about four blocks, or eight hundred feet. Each held serenely to his course. [3] If the driver was driving any part of his truck to the left of the center line of the road, in the line of travel of the plaintiff while on his right side of the street, it was his duty under express law to turn to his right and travel wholly on the right side of the road when he was within three hundred feet of the plaintiff coming toward the truck. The driver of the truck sounded no alarm or warning of his intention to hold his course. The plaintiff testified that he did not change his course until within about ten feet of the truck, for the reason that he momentarily expected the truck to turn out of his (plaintiff's) right of way and to get on to its own side of the street. This he had a right to expect. (Sections 20a and

20b, Motor Vehicle Act, in force at that time [Stats. 1915, pp. 406, 407]; *Harris* v. *Johnson,* 174 Cal. 55, [Ann. Cas. 1918E, 560, L. R. A. 1917C, 477, 161 Pac. 1155]; *Medlin* v. *Spazier,* 23 Cal. App. 242, [137 Pac. 1078]; *Scott* v. *San Bernardino etc. Co.,* 152 Cal. 611, [93 Pac. 677].) If, on the other hand, according to the version of the driver of the truck, he was driving on his right side of the road and the plaintiff was coming in the opposite direction in a line of travel eight or ten feet to the left of the truck, the doctrine could have no application to such facts. Under no theory or claims of the plaintiff, could the driver be to blame for the accident and injury, if he had been driving on his right side of the center line of the street when the collision took place.

[4] The specious argument of counsel for appellants that a bicyclist on his right side of the road, seeing a heavy truck on the wrong side of the street approaching him, should give way to it, is not the law of this state, as a general legal proposition. Of course, there are exceptions to the general rule. Doubtless at times it becomes the duty of any user of the highway to yield his right to a violator of some rule of the road under some peculiar or unusual circumstances or conditions, but such is not the case here. The legislature may see fit in the future to provide that bicyclists (and possibly trucks) should be more strictly regulated in the use of our crowded public streets and highways as is the rule in some other jurisdictions. Until then all users of the road must reasonably obey and observe the law as written. Drivers and owners of trucks—even heavy trucks —are equally amenable to these laws and must respect the rights of other persons on our public highways.

Appellant takes exceptions to some of the instructions of the court and the court's refusal to give a proposed instruction. All these objections except one, which we will now proceed to consider, are more or less involved in what has already been said and are not deemed of sufficient importance to require specific notice.

[5] The court instructed the jury as follows: "The plaintiff as a matter of course is interested in the case. You will simply consider that fact, and the same with the driver of the truck. He is interested on his side of the case and you can consider it in determining his credibility." It

should be noticed that the court did not tell the jury that the truck driver was interested in the case, nor did it infringe on the province of the jury as to deciding the credibility of the witness. It simply told the jury that the driver was interested "on his side of the case" and that they could consider such interest in determining his credibility. As a matter of law, was the driver interested "in the event of the action"? (Sec. 1879, Code Civ. Proc.) It was stipulated by respective counsel in the presence of the jury that the driver of the truck was acting in the scope of his employment at the time of the accident. Would it not follow under the admitted facts of this case that any omission of duty or negligent act of the driver proximately causing the injury to the plaintiff would make the driver and the owner of the truck joint *tort-feasors?* Certainly. That the truck driver was interested on his side of the case "is a deduction which the reason of the jury" could have made from the facts admitted and proved without a statement from the court. (Sec. 1958, Code Civ. Proc.) He was accused by the pleadings of plaintiff of violating the laws of the road by negligently driving on the wrong side of the street, thereby causing the accident and the injury to plaintiff. The plaintiff was seriously injured by the alleged act of the driver. The driver could not have been indifferent to the proceedings or the outcome of the case. He was morally interested, even if not financially interested, on the side of the defense of the case, in establishing his blamelessness in mutilating the plaintiff. But, we repeat, the court did not intimate that the interest of the driver on his side of the case discredited such driver. The credibility of the witness was left wholly to the consideration of the jury. On this point the court further charged: "You are the sole and exclusive judges of their [witnesses] credibility. Their conduct, their character as shown by the evidence, their manner on the stand, their relations to the parties if any, their interest in the case, their bias and prejudice if any, their degree of intelligence, the reasonableness, or unreasonableness of their statements, and the strength or weakness of their recollection may be taken into consideration for the purpose of determining their credibility. When I speak of these matters, it applies to both sides of the case. In referring to the interest of witnesses you will note that I did not say

that you are to disbelieve witnesses simply because they are interested. You are simply to take that interest into consideration in determining their credibility."

The appellants complain specially of the instruction under consideration because it tends, they claim, to discredit the only eye-witness on behalf of the defendants to the accident. The court told the jury that plaintiff was interested in the case, and that the driver was interested on his side of the case, and that the jury could consider these respective interests in determining the credibility of these two witnesses. So it would appear that if the instruction discredited the truck driver it also more pointedly discredited the plaintiff. The testimony of the plaintiff was consistent and in accord with the physical facts surrounding the accident. The testimony of the truck driver was inconsistent and not in accord with such physical facts. He discredited himself. The road was thirty-two feet wide from curb to curb, eight feet of the street on each side next to the curb being rough and consisting of sand and gravel. There remained eight feet of smooth road on each side of the center line of the street. The driver of the truck testified that he was driving on the right side of the street, his right-hand wheels being about three and one-half or four feet from the curb "right in the sand"; that he heard the contact clash of the wheels of the two bicycles about eight or ten feet to his left and about opposite him; that the plaintiff's wheel described a circle, coming toward his truck, whereupon he immediately turned his front wheels sharply to the right toward the curb, away from the oncoming boy; that the plaintiff first struck the front or corner of his radiator with the right side of his face; that he did not fall from his bicycle until he hit the truck; that the distance between his truck and the boy when he collided with his companion's bicycle was eight or ten feet "anyhow." With the truck going eight miles an hour and the boys in an opposite direction, five miles, the position in reference to the truck in which this testimony placed the plaintiff at the time of the collision with the companion's bicycle, makes witness' version of the accident most improbable in view of the physical facts. The plaintiff would have had to turn completely around and travel at least ten or twelve feet in a circle, overtake the truck with its front turned from him going

toward the curb, and then have fallen from his wheel against the corner of the radiator, striking the radiator with the right side of his face. The jury evidently believed that the truth of the matter is that the truck was not four feet to the left of the center line of the street, but that its left wheels were about four feet over the line on the wrong side of the street at the time of and before the accident; that the plaintiff was riding on the right side of the street in a line about four feet east of the center line of the street on or near a line being traveled by the left wheels of the truck; that the boy, thinking that the truck would turn out on its right side of the street at any moment, and for this reason kept on his course until realizing that the truck did not intend to give him the right of way which he was legally entitled to, and when within about ten feet of the truck, he suddenly swerved to the right to avoid being hit by the truck; that because of his being compelled to turn quickly to the right his front wheel caught on a nut of the rear wheel of his companion's bicycle, thereby unbalancing him and throwing him in front of the truck, from which collision he received his injuries.

The court properly instructed the jury on the question of proximate cause of the injury. It told them *inter alia* that if they believed that the truck was on its right side of the street when the accident occurred, then the plaintiff could not recover, but if they believed that the truck was on the left-hand side, it was guilty of negligence *per se;* and in such event it would be for them to determine whether such negligence was the proximate cause of the injury. It defined the meaning of proximate cause to the jury. The court having submitted the question of proximate cause to the jury, calling to the attention of the jury the theory of plaintiff and the theory of the defendants and directing it to determine the question of fact between them, this court must presume that the jury determined that the proximate cause of the injury was the negligence of the defendants' truck being on the wrong side of the road, and its persisting in maintaining its course without warning to plaintiff that it did not intend to change its course, as required by law. Counsel for appellants in commenting on the position of the truck in the street in their opening brief say: "It was a large truck

and on or near and perhaps a little to the left of the center of the road, as it proceeded south."

The judgment is affirmed.

Richards, J.; and Waste, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on October 27, 1920.

All the Justices, except Shaw, J., concurred.