[Civ. No. 216. Fourth Appellate District.—October 8, 1930.]

ERNEST ENOS, Respondent, v. NICHOLAS P. NORTON et al., Appellants.

W. G. Irving for Appellants.

Best & Best for Respondent.

WARMER, J., *pro tem.*—This action was instituted by plaintiff to recover damages for personal injuries alleged to have been sustained in a collision between an automobile operated by one of the defendants and a motorcycle operated by the plaintiff. The facts may be stated as follows: Defendant Norton operated a garage in the city of Corona, and the defendant Matthews was in his employ. In the course of his business defendant Matthews had repaired a Chevrolet automobile. In order to test the same, defendant Matthews drove said car along Sixth Street in said city, and while so driving said car the accident occurred. The garage of defendant is located on the south side of said Sixth Street between Victoria Avenue on the east and Ramona Avenue on the west. There is an 18-foot Sixth Street entrance to said garage. The distance from the east side of said entrance to the west curb line of Victoria Avenue is 126 feet. The distance from the west side of said entrance

to the east curb line of Ramona Avenue is 207 feet. The distance between Victoria Avenue and Ramona Avenue is approximately 350 feet. Sixth Street is paved and is approximately 50 feet wide between curbs. There was a pile of lumber about 4 feet high, and some gravel or sand on the southerly curb of Sixth Street, extending some 6 or 8 feet out into the street a distance of approximately 116 feet west of the entrance to said garage. Defendant Matthews took the Chevrolet automobile from the garage to Victoria Avenue, turned to the left and returned to the garage, following a course a little to the right of the center of Sixth Street. As he was proceeding south, when he arrived at a point a little west of said entrance to the garage, he turned to the left for the purpose of driving into the garage. The collision occurred near the east side of the entrance to said garage. Plaintiff got his motorcycle near the southwest corner of Ramona Avenue and Sixth Street, rolled it into Sixth Street until he had passed the center line thereof, started his motor and drove it east on Sixth Street at a rate of 12 to 15 miles per hour. Plaintiff watched the car being driven by defendant Matthews from the time he began driving eastward, to see if any signal was given indicating the intention of the driver to turn into the garage. Plaintiff knew that a great many cars went into this garage. Defendant made no signal indicating his intention to turn. Plaintiff saw the front wheels of the car being driven by the defendant Matthews begin to turn toward the garage while he was at an estimated distance of thirty feet from the defendant's car. Plaintiff then applied his brakes and gradually slowed down. He had stopped at the moment of the impact. A motorcycle, properly equipped, can be stopped within 20 feet; plaintiff stopped his motorcycle in about 24 feet. The portion of the street upon which plaintiff was traveling was damp (wet). That portion upon which defendant Matthews was traveling was dry. The permissive speed limit on Sixth Street between Victoria Avenue and Ramona Avenue at the time of the accident is conceded to be 15 miles an hour. The nature or extent of the injury need not be stated, except to say that plaintiff's leg was broken in the collision that occurred.

Appellant concedes that the evidence as to the negligence of the defendant is conflicting, and admits that under such

circumstances the finding of negligence by the court as to the defendants must stand.

The complaint charges negligence. The answer especially denies the negligence on the part of the defendants and contains a defense, designated as a special defense. This separate defense alleged that Fred L. Matthews, one of the defendants herein, was operating his car on said street at the time and place referred to in the complaint in a careful and lawful manner, and alleges that the said "plaintiff, Ernest Enos, drove easterly along said Sixth street on his motorcycle at a rate of speed in excess of twenty-five miles per hour, and so carelessly, negligently and improperly managed said motorcycle that by reason thereof said motorcycle, without any fault on the part of these defendants or either of them, and by want of due care in the management of said motorcycle by the plaintiff, was driven against said automobile and thereby sustained the alleged injuries mentioned in the complaint; and if any injury was sustained by said plaintiff, it was caused by the negligence of said plaintiff and not by the fault of said defendants or either of them." Respondent maintains that said special defense does not charge contributory negligence.

"To be availed of the defense of contributory negligence must, as a general rule, be specifically pleaded. . . . Of course, if it appears from the allegations of the plaintiff's complaint or from the evidence introduced by him that he has been guilty of contributory negligence the defense may be availed of, even though not set up by defendant." (19 Cal. Jur. 681; *Hall* v. *City and County of San Francisco,* 188 Cal. 641 [206 Pac. 459].)

In the case of *Hughes* v. *Warman Steel Casting Co.,* 174 Cal. 556 [163 Pac. 885, 888], the court said: "Defendant having in its answer denied all the negligence on its part this plea, though denominated a special defense, is simply an affirmative charge of negligence on the part of the plaintiff, which was available under the general issue without special plea," etc.

The special defense interposed herein is but a denial of negligence, and an affirmative allegation of negligence on the part of the plaintiff. Hence it is not a pleading of contributory negligence. The court found the allegations of the answer as to the negligence of the plaintiff, untrue.

Under such circumstances, the judgment must be affirmed, unless it appears from the evidence offered by the plaintiff that he was guilty of contributory negligence.

From the facts above stated it appears that the plaintiff was proceeding easterly on Sixth Street in the city of Corona and that the defendant was proceeding westerly on said street. Appellants urge that notwithstanding such finding the evidence presents a state of facts that renders the respondent guilty of contributory negligence as a matter of law.

It must be remembered that the positions of moving machines are relative and small fractions of seconds change the relative positions materially. These machines were 30 feet apart when the defendant turned to cross the path of plaintiff. Plaintiff saw defendant's machine begin to turn and applied his brakes, coming slowly to a stop.

Estimated distances are not accurate. The road was damp on the side plaintiff was required to travel and dry on defendant's side. Plaintiff was keeping careful lookout, because he knew machines frequently crossed over from the left side of the street going into the garage. No signal was given by the defendant. Plaintiff had no way of knowing whether the defendant saw him or not; no way of knowing whether defendant was going to proceed at a slow rate of speed, permitting him to go in front, or whether he was going to continue across the street and force the plaintiff to go behind him.

"We are aware that the courts of this state have placed great emphasis upon the rule that a motorist must at all times use due care to avoid colliding with another; that he must be ever alert and watchful so as not to place himself in danger. And while he may assume that others will exercise due care, he cannot for that reason omit any of the care that the law demands of him." (*Commonwealth Ins. Co.* v. *Riverside Portland Cement Co.*, 69 Cal. App. 165 [230 Pac. 995, 996].)

Plaintiff had a right to assume that defendant was not going to turn in front of him and cross his path without any warning signal. Under such circumstances, the sudden turning as though to cross plaintiff's path, without signal, constituted an emergency. In such an emergency plaintiff must determine his course at once and act on his choice. Whether or not such judgment in the light of after-acquired

knowledge was the wisest or not cannot now be inquired into. Under such circumstances the determination of the trial court and its finding thereon is conclusive. An unwise choice in an emergency does not in itself constitute contributory negligence. (*Hammond* v. *Pacific Elec. Ry. Co.*, 32 Cal. App. 756 [164 Pac. 50]; 19 Cal. Jur. 763; *McPhee* v. *Lavin*, 183 Cal. 264 [191 Pac. 23].) The rule as to the care necessary to use under such circumstances is "the care that an ordinarily prudent person would have exercised under the same or similar circumstances". (*Tousley* v. *Pacific Elec. Ry. Co.*, 166 Cal. 457 [137 Pac. 31, 33].)

Section 113 of the California Vehicle Act (Stats. 1923, p. 553), contains the provision that "any person driving a vehicle upon a public highway of this state shall drive the same at a careful and prudent speed not greater than is reasonable and proper, having due regard to the traffic, surface and width of the highway, and no person shall drive any vehicle upon a public highway at such a speed as to endanger the life, limb or property of any person."

In the case at bar if the riding of a motorcycle at a speed of 12 to 15 miles an hour constituted negligence or contributory negligence, then it was because the conditions present made such speed a violation of section 113, *supra*.

Negligence is a question of fact in the first instance, and if a question of fact, the determination of the same by the court's finding adversely to the defendant, is conclusive here. The general rule applicable to negligence cases is that often where there is no conflict in the evidence, negligence is a question of fact for the jury, if different conclusions on the matter can rationally be drawn from the evidence. However, if but one conclusion can reasonably be reached from the evidence, it becomes a question of law. (*Murray* v. *Southern Pac. Co.*, 177 Cal. 1 [169 Pac. 675]; *Jacobson* v. *Northwestern Pac. R. R. Co.*, 175 Cal. 468 [166 Pac. 3]; *California Rendering Co.* v. *Pacific Elec. Co.*, 205 Cal. 73 [269 Pac. 922].)

Hence the true test as to whether or not the plaintiff Enos was guilty of contributory negligence as a matter of law must be measured by whether or not there is but one reasonable conclusion that can be reached from the evidence presented in the trial court. Appellant cites the case of *Davis* v. *Brown*, 92 Cal. App. 20 [267 Pac. 754], which is

authority on the question that we think may be stated to be well-settled law in this state, to wit: That it may be negligence to drive an automobile at a rate of speed not in excess of the statutory speed limit within the district, depending upon the conditions present at the time. The plaintiff Enos fixed the distance between his motorcycle and the automobile at the time the automobile began to turn into the garage, as 30 feet. Enos was 10 or 12 feet west of the entrance to the defendant's garage at that time. Defendant Matthews' car was west of the center of Sixth Street when it began to turn. Plaintiff Enos fixed the distance at which he could stop his motorcycle going at the rate of 15 miles an hour upon a dry street at 20 feet.

The question presented might be stated thus: Is it negligent under all circumstances for a person to drive a motorcycle at from 12 to 15 miles per hour when he sees a machine proceeding toward him at approximately the same rate, when the street is wet or damp, so that he cannot stop his motorcycle within the mathematical distance that a motorcycle could be stopped in, if it were in good working order, or, as estimated in this case, within 20 feet, when the driver of the automobile which he is meeting at a distance of 30 feet, suddenly, and without signal or warning, turns his car in the middle of the block, into the path of the motorcycle? Certainly it could not be claimed that 12 to 15 miles per hour on a damp street, without traffic, would be either an unlawful or careless speed at which to operate a motorcycle, and if it were a negligent operation, it would be negligent because of the presence of another condition upon the street.

In the case of *Simonsen* v. *L. J. Christopher Co.*, 186 Cal. 786 [200 Pac. 615, 616], the court said: "It has been frequently said by this court and the District Courts of Appeal, a person crossing a street in front of an approaching vehicle cannot close his eyes to threatening danger, relying upon the presumption that the other party will use reasonable care and prudence and obey the traffic laws, but if there is nothing in the situation to warn him of impending danger, he is not guilty of negligence in relying upon such presumption. (Citing cases.)

To the same effect, see, also, *McPhee* v. *Lavin,* 183 Cal. 263 [191 Pac. 23], *supra.*

The plaintiff had the right to assume that the defendant's car was going to proceed on its right side of the street, until advised that the defendant intended to turn into the garage. He was not advised by sign or signal, but, due to his own caution, he observed the car begin to turn, and immediately applied his brakes to avoid a collision, coming to a stop in 24 feet. Until he observed the car begin to turn, he had a right to proceed.

From all the evidence we cannot say that only one conclusion could be reasonably reached—hence, it was a question for the determination of the trial court. The trial court's finding that plaintiff was not guilty of negligence is conclusive upon this court.

The judgment is affirmed.

Marks, Acting P. J., and Barnard, J., concurred.