[Civ. No. 7000. Second Appellate District, Division One.—June 1, 1932.]

WILLIAM J. MENEAR, Respondent, v. DANIEL C. NUTTER, Appellant.

W. I. Gilbert for Appellant.

Leonard G. Shelton for Respondent.

BISHOP, J., *pro tem.*—Two related reasons are advanced by the defendant in support of his appeal from a judgment following a jury's verdict: First, he urges that, as a matter of law, the plaintiff appears from the evidence to have been guilty of contributory negligence, and so not entitled to damages for the injuries, of which defendant's negligence was, at least, one of the causes; secondly, he finds fault with an instruction given the jury, respecting the reliance which the plaintiff could place upon the presumption that the defendant would comply with the law. We are of the opinion that the evidence does not lead to the conclusion that, as a matter of law, the plaintiff was guilty of contributory negli-

gence; nor do we conclude that the giving of the instruction requires a reversal of the judgment.

█ The plaintiff, a mail carrier, was injured while crossing a busy highway. As he approached the spot from which he stepped off the south curb into the street he noticed two cars approaching from the west at a distance of four or five hundred feet. One, the defendant's then drew past the other (the other is identified in the record as the "larger" car) and in doing so, drove over on and along the left, i. e., the north side, of the roadway. There was no traffic to prevent the defendant from returning to his own right side of the highway after he passed the larger car. During this passing, made at an increasingly high rate of speed, the plaintiff had progressed to a point beyond the center line of the highway, at which time the automobile of defendant was some one hundred and fifty feet away from him and just a little ahead of the larger car. From this moment on plaintiff turned his attention to a third automobile approaching from his right and in whose path he now found himself. Walking slowly, until he saw that the third car purposed to pass behind him, he then hurried forward, without again looking to his left, only to collide with the car of the defendant, which had not only continued on the left side of the highway, but at the last moment had been directed even more to the left as though to pass the third car on the north side. This narrative, in spite of conflicting evidence, the jury could have accepted as containing the facts of the case. The question whether or not plaintiff was negligent in the manner of his crossing was one for the jury, which it decided in his favor. The facts do not warrant us in declaring that as a matter of law plaintiff was guilty of contributory negligence. (*Mann* v. *Scott*, (1919) 180 Cal. 550 [182 Pac. 281]; *Konig* v. *Lyon*, (1920) 49 Cal. App. 113 [192 Pac. 875]; *Simonsen* v. *L. J. Christopher Co.*, (1921) 186 Cal. 786 [200 Pac. 615]; *Smith* v. *Southern Pac. Co.*, (1927) 201 Cal. 57 [255 Pac. 500]; *Enos* v. *Norton*, (1930) 109 Cal. App. 19, 25 [292 Pac. 276].)

█ Because the question of plaintiff's negligence was one for the jury, the fairness and correctness of the instructions given concerning his conduct remains an important question. Our attention is called particularly to the following charge: "The court instructs the jury that

the plaintiff herein, William J. Menear, had a right, in determining what was the prudent course for him to take, to assume that defendant would use such care and circumspection as the circumstances required and would not closely approach him at an excessive rate of speed nor endanger him without warning.''

The most serious objections that can be made to this instruction, in our opinion, can also be made to the instruction given in the case of *Page* v. *Mazzei*, (Cal. App.) 299 Pac. 119, 121:

''You are instructed that the plaintiffs had a right to presume that the defendant would perform his duty and obey the law in approaching the said intersection.

''I instruct you that if you find from the preponderance of the evidence that plaintiffs and defendant approached the intersection at approximately the same time and you further find that plaintiffs had reached the center, of said intersection driving at a lawful rate of speed and that defendant at approximately the same time reached the center of said intersection driving at an unlawful rate of speed, plaintiffs had a right to expect that defendant would allow plaintiffs to cross said intersection first.'' For much the same reasons urged by appellant for a reversal in the case under review, the District Court of Appeal, Fourth District, reversed the judgment in *Page* v. *Mazzei*, on the ground that the giving of the instructions quoted was prejudicial error. (299 Pac. 119, 121.) The Supreme Court granted a hearing in the case, however, and affirmed the judgment (213 Cal. 644 [3 Pac. (2d) 11, 12]), prefacing its opinion with these words (the emphasis being ours): *"Under proper instructions, and on ample evidence to support its verdict, the jury awarded the plaintiffs substantial damages."* We can only interpret these words, as they were interpreted in *Ying* v. *Pickwick Stages System*, (1931) 117 Cal. App. 312 [3 Pac. (2d) 597, 598], that is, as approving of the instruction which had been criticised. A review of earlier cases touching on the right of one to assume that another will not violate the law or inflict injury, becomes unnecessary.

It should also be noted that by other instructions the jurors were told that there was a continuous duty on plaintiff's part, as he crossed the street, to maintain a lookout to right and left to see whether automobiles were approaching,

and that negligence is always a matter of time, place and circumstance, and that plaintiff was required to govern himself with the surrounding circumstances in view. We conclude that the judgment should not be reversed because of the giving of any instruction.

The judgment is affirmed.

Conrey, P. J., and Houser, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on June 29, 1932, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 28, 1932.