[Civ. No. 11652. Second Appellate District, Division Two.—January 31, 1938.]

FRED N. BURR, Respondent, v. JACK DAMAREL, Appellant.

Nourse, Betts & Jones and Paul Nourse for Appellant.

Joseph A. Spray and Charles P. Gould for Respondent.

CRAIL, P. J.—This is an appeal from a judgment for damages for personal injuries from an automobile accident which occurred at the intersection of York Boulevard and Avenue 51. York Boulevard runs from east to west, Avenue 51 from north to south. The plaintiff was crossing York Boulevard in the pedestrian cross-walk at the east side of Avenue 51. Going north, when he reached the south curb of York Boulevard he stopped and looked to his left and to his right. The traffic was heavy coming from the east but there were no automobiles approaching the intersection from the west within one block. It was dark at the time but the intersection was well lighted and all automobiles had their headlights lit. After stopping and looking at the curb he left the curb, looking either straight ahead or to the east until he reached a point between the car tracks which run over York Boulevard, at which point he stopped and looked to the right for a period of 25 or 30 seconds, and he then looked to the left and saw the defendant's car approaching from the west about 45 feet away. At this time the lane of automobiles which was proceeding west and which was nearest to the center of York Boulevard was traveling with the left wheels of the automobiles about the center of the westbound car tracks. From that time until the accident plaintiff did not move and was immediately thereafter struck by the defendant's car.

■ The first contention of the defendant is that plaintiff was guilty of negligence as a matter of law. This point is untenable. The plaintiff looked and he used precautions for his own safety. Whether he was guilty of negligence is a question of fact to be determined by the fact-finder under all the facts and circumstances in evidence bearing upon the question. (*Curric* v. *Nelson Display Co.*, 19 Cal. App. (2d) 46 [64 Pac. (2d) 1153]; *Pinello* v. *Taylor*, 128 Cal. App. 508 [17 Pac. (2d) 1039]; *Filson* v. *Balkins*, 206 Cal. 209 [273 Pac. 578]; *MacCorkell* v. *Williams*, 111 Cal. App. 572 [295 Pac. 879]; *Crooks* v. *Doeg*, 4 Cal. App. (2d) 21 [40 Pac. (2d) 590].)

■ The defendant's second contention is that the court erred in giving to the jury the following instruction: "I instruct you that it is not contributory negligence to fail to look for danger where there is no reason to apprehend any danger." The court used the same language in the case of *Pinello* v. *Taylor, supra*. The trial court fully and correctly instructed the jury on the question of contributory negligence, and while the language above set out is not commended, we find no reversible error therein.

■ The defendant next contends that the trial court erred in instructing the jury to the effect that they could *not* find for the defendant if any act or conduct of the defendant contributed to plaintiff's injuries. The instruction complained of reads as follows: "If you believe from a preponderance of the evidence that the plaintiff was struck down by an automobile other than that of the defendant, and was thrown into and against the defendant's car, and that any act or conduct of defendant did not contribute proximately to cause plaintiff's injuries, you will return a verdict in this case in favor of the defendant." It will be observed that it does not instruct the jurors to return a verdict in favor of the plaintiff, but does end with the words "you will return a verdict in this case in favor of the defendant". The court fully and fairly instructed the jury on the question of negligence.

■ The defendant next contends that the court erred in giving an instruction that "the general rule is that every person has a right to presume that every other person will perform his duty and obey the law" because the instruction entirely leaves out the qualification of the rule which it pur-

ports to state, that before a person may assume that others will perform their duty or obey the law, they themselves must be exercising ordinary care and obeying the law. The instruction as given is subject to criticism. At the defendant's request the court fully instructed the jury on the subject of contributory negligence. The court also gave the following instruction: "I instruct you that a person lawfully and carefully using the street has a right to assume that all other persons using the street will also use ordinary care and caution." We are satisfied that there has not been a miscarriage of justice in this case and that we should not reverse the case by reason of this instruction. For other cases where the appellate courts have refused to reverse them because of the failure to include the element of contributory negligence in the above instruction see: *Towne* v. *Godeau,* 70 Cal. App. 148 [232 Pac. 1010]; *Menear* v. *Nutter,* 124 Cal. App. 29 [12 Pac. (2d) 138]; *DeLannoy* v. *Grammatikos,* 126 Cal. App. 79 [14 Pac. (2d) 542].

█ The defendant next contends that the court erred in giving five instructions with regard to the duty of the operator of a vehicle to use reasonable care to anticipate the presence of other persons upon the street and to maintain a proper lookout and to keep his automobile under such control as will enable him to avoid a collision. The defendant does not criticize the instructions themselves, but says, "If these instructions were proper at all, under the evidence they should have been qualified so as to take into consideration defendant's theory of the case." All the law cannot be stated in any one instruction. The court fully instructed the jury as to the defendant's theory in other instructions, and we see no prejudicial error from the giving of these instructions.

Judgment affirmed.

Wood, J., and McComb, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 31, 1938.