GATTON v. CULLINS.

MORGAN v. SAME.

Nos. 8385, 8386.

United States Court of Appeals for the District of Columbia.

Argued Oct. 6, 1943.

Decided Oct. 18, 1943.

Mr. Jeff Busby, of Washington, D. C., for appellants.

Mr. Howard Boyd, of Washington, D. C., with whom Mr. Edmund L. Jones, of Washington, D. C., appeared on the brief, for appellees.

Before GRONER, Chief Justice, and MILLER and EDGERTON, Associate Justices.

PER CURIAM.

Appellee was driving appellants in his automobile on a trip from Washington to Leonardtown, Maryland. They were proceeding on the proper side of a hard surfaced, two lane highway at about thirty-five or forty miles an hour, when a car going in the same direction passed them, and at a point 150 feet ahead sideswiped a car going in the opposite direction. The latter car, thrown out of control, swerved from the lane for Washington bound traffic and headed diagonally across the road in front of appellee's car toward the woods on appellee's right side. Before the car reached the woods it veered back onto the highway and struck appellee's car head-on, resulting in the injuries to appellants for which this action was brought. Meanwhile, appellee, having observed the first collision and the loss of control of the stricken car, slowed down and stopped. Admittedly, all of this occurred within three or four seconds.

The theory of appellants' case is that appellee, in the exercise of reasonable care, should have driven off the pavement onto an eight foot gravel shoulder to provide a wider space for the oncoming car. But we are of opinion that the trial court rightly rejected this contention and directed a verdict for appellee.

As is well known, it is easy enough after an accident of this nature, upon a minute scrutiny of the facts, to discover acts or omissions without which the collision would not have occurred. But liability does not necessarily arise from such acts or omissions. It is quite true that although appellants were guests, appellee was required under the Maryland law to use ordinary care to avoid injuring them. Dashiell v. Moore, 177 Md. 657, 11 A.2d 640. It is also quite true that when the driver of an automobile is suddenly confronted with an emergency not of his own making and is compelled to act instantly, he is not guilty of negligence if he makes a choice such as a person of ordinary prudence would make in a similar situation, even though it afterwards develops he might have made a wiser choice. In such a case he is not held to the same acuracy of judgment as is required under ordinary circumstances. Lange v. Affleck, 160 Md. 695, 155 A. 150, note 79 A.L.R. 1277.

An inspection of appellants' evidence here shows clearly that within the three or four seconds allotted him appellee took reasonably prudent steps to avoid a collision. Until after it occurred there was nothing in the circumstances to indicate that the course taken would not, and that some other course would, have in fact prevented it.[1]

---

[1] See Burhans v. Burhans, 159 Md. 370, 150 A. 795; Enos v. Norton, 109 Cal.App. 19, 292 P. 276; Anderson v. Lynch, 232 Mich. 276, 205 N.W. 134, 135; Morrison v. Perry, Utah, 122 P.2d 191.