## BROWNE v. DAVIDSON TRANSPORTATION & STORAGE CO.

### No. 1216.

Municipal Court of Appeals for the District of Columbia.

Argued June 16, 1952.

Decided July 9, 1952.

Samuel W. McCart, Washington, D. C., for appellant.

Denver H. Graham, Washington, D. C., with whom Albert E. Brault, Washington, D. C., was on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

In a nonjury case plaintiff-appellee recovered a judgment for damages to its tractor-trailer resulting from a collision between it and a truck operated by defendant-appellant. Claiming no error in the finding that he was negligent appellant bases this appeal on the claim that the trial court was in error in finding that appellee's driver was not contributorily negligent.

Under Municipal Court Civil Rule 52(b) in actions tried without a jury the court may, but is not required to, "find the facts specially and state separately its conclusions of law thereon". At the close of the evidence appellant's counsel requested the court to make findings of fact and conclusions of law. The trial court did not literally comply with this request but proceeded to orally summarize the evidence and then stated:

"In this case I find that there was no negligence on the part of the plaintiff's driver. I find as a matter of fact and as a matter of law that the plaintiff's driver was operating his tractor-trailer in a reasonably prudent manner, and that, from all the testimony in this case, when he saw the other smaller truck he did only what any reasonably prudent person would do."

The court did not specifically find that defendant was negligent although such finding was implicit in its ultimate finding for plaintiff.

Appellant argues that the trial court was in error in several instances in its findings of fact. However, appellant misconceives the true nature of a finding of fact. The recitation or summarization of the evidence did not constitute findings of fact. And if the court in its summary of the evidence failed to state the evidence exactly or even misstated it as to some details, that is no ground for holding that there was error in the one finding of fact

made, namely, that appellee's driver operated his vehicle in a reasonably prudent manner and under the circumstances of the case did only what a reasonably prudent man would do.

However appellant argues that the trial court's failure to state the evidence correctly is ground for reversal of the one finding of fact because, he argues, it indicates that the court was so confused as to the evidence that it could not reach a reasoned decision. We have examined the alleged discrepancies between the evidence as stated by the trial court and the evidence as contained in the statement of proceedings and evidence and in our opinion there are no differences of such magnitude as to indicate that the trial court did not have a full grasp of the evidence.

■ .Finally, appellant argues that the trial court erroneously applied the doctrine of discovered peril. He evidently refers to the sudden emergency rule[1] because that is the rule referred to by the trial court in the course of announcing its decision. Appellant argues that this rule has no application to one who is not free from antecedent negligence. This argument assumes that plaintiff's driver was negligent and such assumption is directly contrary to the finding of the trial court.

The case before us is another case of a collision between two motor vehicles at an intersection with the usual issues of negligence and contributory negligence. These issues, as we have said before, are nearly always factual. There was substantial evidence to support the findings of the trial court on these issues and the record discloses no substantial error.

Affirmed.

1. See Gatton v. Cullins, 78 U.S.App.D.C. 170, 138 F.2d 425.