[Civ. No. 851.   Fourth Appellate District.—August 18, 1931.]

OSCAR SCHATTE, Executor, etc., Respondent, v. D. E. MAURICE et al., Appellants.

B. P. Gibbs for Appellants.

Paul Blackwood for Respondent.

JENNINGS, J.—This is an action to recover damages for personal injuries sustained by plaintiff, such injuries having been caused, so it is alleged, by the negligence of the defendant McJimsey in the operation of a certain automobile bus which was the property of defendant D. B. Maurice, doing business under the fictitious firm name of West Coast Rapid Transit Co. During the trial of the action it was stipulated that defendant McJimsey was the agent and employee of defendant D. B. Maurice and it appears beyond question that he was acting in the scope of his employment at the time of the accident.

The accident occurred on April 6, 1928, on Hermosa Avenue in the city of Hermosa Beach, California. Plaintiff was in the employ of a company which was doing certain street grading work in said city and with two other employees of said company was being transferred from the location of one piece of grading work to another in a Ford automobile. The Ford automobile was the property of an employee of the company which was doing the street grading work, and was being operated by the owner, who appears to have had some arrangement with his employer to convey employees of the company from one location to another. Another employee of the company occupied the front seat of the automobile with the driver and plaintiff was seated alone in the rear seat.

Hermosa Avenue is the principal street in the city of Hermosa Beach and runs in a general northerly and southerly direction. In the center of this avenue there is an unpaved portion occupied by the tracks of the Pacific Electric Railway, over which no vehicular traffic can pass. Vehicles traveling south generally use the west side of the street and vehicles traveling north use the east side. However, the evidence discloses that the west side of the street is occasionally used by both south-bound and north-bound traffic. At the time of the accident the west side of the avenue was in a torn-up condition. Five feet of the pavement had been taken up to permit street improvements,

leaving a shallow, sandy ditch about eighteen inches deep. According to the testimony of plaintiff's witnesses, the width of the pavement upon which vehicles could travel after the five-foot strip had been cut off was approximately sixteen or seventeen feet, and there was sufficient space to enable one vehicle to pass another thereon. The testimony of defendants' witnesses indicates that the pavement was narrower and would permit the operation of but one vehicle thereon with safety. The Ford automobile in which plaintiff was riding had been proceeding south from Twenty-fifth Street about the middle of the pavement on the west side of Hermosa Avenue and was closely followed by the bus in the same relative position in the street. At a point about midway between Nineteenth and Eighteenth Streets the driver of the Ford automobile perceived by the reflection in a rear-view mirror with which the Ford was equipped, that the bus was immediately in the rear of his automobile and, for the purpose of enabling the bus to pass his car, turned to his right for a distance of two feet. This movement brought the Ford automobile as close to the west edge of the pavement as the driver felt that he could go with safety. Shortly thereafter the bus collided with the left rear wheel of the Ford automobile, forcing the latter car into the ditch. The evidence appears to be undisputed that both cars were traveling at a moderate rate of speed at the time of the collision. The speed of the Ford was variously estimated at from twelve to eighteen miles per hour and that of the bus somewhat greater, but not to exceed twenty miles per hour.

The case was tried before a jury and resulted in a verdict of $4,000 in favor of plaintiff. From the judgment based thereon defendants prosecute this appeal.

It is the contention of appellants that the trial court erred in giving to the jury two instructions. The first instruction of which appellant complains is as follows:

"You are instructed that it was the duty of the driver of defendants' automobile bus on the occasion involved here, and he was bound, to anticipate that he might overtake vehicles at any point on the street, and he must, in order to avoid a charge of negligence, keep a proper lookout for them, and keep his machine under such control as will enable him to avoid a collision with another vehicle using

proper care and caution, and if the situation requires it he must slow up and stop. A failure, if any, on his part to use this care was negligence, and if this negligence, if any, was the sole proximate cause of the injury to the plaintiff, then you will find damages in favor of the plaintiff and against the defendants."

It is urged that the foregoing instruction is defective in that it assumes that the driver of the Ford automobile in which respondent was riding was using proper care and caution at the time of the collision and that it entirely disregards the defense of contributory negligence which was pleaded by appellants in the answer filed by them and as to which evidence was produced during the trial of the action.

The argument is made that the instruction in effect advised the jury that the driver of the automobile bus was bound to keep his machine under such control as would enable him to avoid a collision with another vehicle using care and caution, regardless of whether the driver of the other car at the time of the accident was using ordinary care to avoid a collision. This is said to have imposed an unwarranted burden upon appellants and it is urged that the logical effect of the instruction is to nullify the well-established rule that the rights and duties of all persons using a public street are reciprocal. The suggested criticism of the instruction is answered by the reasoning of the court in the case of *Nichols* v. *Nelson*, 80 Cal. App. 590, 596 [252 Pac. 739, 743], where an instruction containing language identical with that which is here criticised was under discussion. In the above-cited case the jury were told that it is not enough for the driver of an automobile which has collided with a pedestrian to show simply that at the time of the accident he was operating his automobile at a lawful rate of speed, but that he still remains bound to anticipate that he may meet persons at any point of the street and that he must, in order to avoid a charge of negligence, keep a proper lookout for them and keep his machine under such control as will enable him to avoid collision with other persons using proper care and caution, and if the situation requires it, he must slow up and stop. The court in approving the instruction said that the use of the word 'proper' to indicate the care required of the defendant meant no

more than the exercise of that degree of care which a prudent man should use under the circumstances. With respect to the phrase 'bound to anticipate' the court said that its effect was not, as claimed, to enlarge the degree of care required of the defendant. It was pointed out that the trial court had fully and fairly in numerous instructions advised the jury concerning the relative rights and duties of pedestrians and drivers of vehicles upon the public highway and it was said that "where a court has thus properly charged a jury a subsequent charge to find for one or the other if proper care has not been exercised is not prejudicially erroneous". It is to be noted that, in the instant case, the jury received numerous instructions which most fully and fairly advised them concerning the relative rights and duties of the operators of the two automobiles concerned in the collision. In *Ballos* v. *Natural,* 93 Cal. App. 601 [269 Paç. 972], an instruction which placed upon the operator of an automobile the duty to anticipate that he might meet persons at any point upon the highway and that he must, in order to avoid the charge of negligence, keep a proper lookout for them and keep his machine under such control as would enable him to avoid a collision with other persons using proper care and caution, and if the situation requires must slow up and stop, received the approval of the court. A similar instruction was held correct in *Meyers* v. *Bradford,* 54 Cal. App. 157 [201 Pac. 471]. In *Reaugh* v. *Cudahy Packing Co.,* 189 Cal. 335, 340 [208 Pac. 125], the requirement that the operator of an automobile is bound to anticipate that he may meet persons at any point on the street and must, in order to avoid a charge of negligence, keep a proper lookout for them and keep his machine under such control as will enable him to avoid collision with another person using proper care and caution, and if the situation requires must slow up and stop, was unequivocally stated. The rule thus announced was approved in *Potter* v. *Driver,* 97 Cal. App. 311 [275 Pac. 526]. Instructions embodying language similar to or identical with that which is here attacked were approved in the following decisions: *Wright* v. *Salzberger & Sons,* 81 Cal. App. 690 [254 Pac. 671]; *Putnam* v. *Pickwick Stages, Inc.,* 98 Cal. App. 268 [276 Pac. 1055].

The instruction under discussion is further vigorously attacked as being an instruction directing a verdict for respondent without regard to the issue of contributory negligence on the part of respondent. ██ It is the general rule that an instruction directing a verdict for a plaintiff in the event that the jury finds certain facts to be true must embrace all the factors necessary to show legal liability of the defendant and to warrant the direction contained therein that the plaintiff is entitled to a verdict. Nor is the error cured by the submission of other instructions which correctly state the law in the respects wherein the instruction attacked is defective (*Pierce* v. *United Gas & Elec. Co.*, 161 Cal. 176 [118 Pac. 700]). ██ But it is to be noted that the instruction in the instant case directed the jury that if the negligence of appellant, McJimsey, was the sole, proximate cause of respondent's injury, the jury should find damages against appellants. The word "sole" is defined in the Standard Dictionary as follows: "Being alone or the only one; existing or acting without another; only; individual." Webster's New International Dictionary defines the word "sole" as "Being or acting without another; single, individual; only, as a sole heir. Alone, isolated, without company, solitary." Under the above-quoted definitions it is clear that the jury were in effect told that in order to find damages against appellants, it was necessary for them to find that the negligence of appellant, McJimsey, was the only proximate cause of respondent's injury. If therefore the jury followed the court's instruction, as we are entitled to assume, it must have found that the alleged negligence of respondent did not in fact contribute to the injury which he sustained as a result of the collision. The words and phrases used by the court in the instruction under consideration were used in their customary and conventional sense and it must be presumed that the jury so understood them. (*Nichols* v. *Nelson, supra.*) In *Wright* v. *Salzberger & Sons, supra,* p. 698 of 81 Cal. App., an instruction that the defendant while operating an automobile on a public street was under the duty to keep such a lookout for other traffic and for pedestrians and other persons using the street as an ordinarily careful and prudent person would have done and that if the defendant failed to perform the duty thus

defined and if the jury should find that such failure was the proximate cause of the injury the jury should find a verdict in plaintiff's favor was attacked as being a directed verdict against the defendant without a reservation regarding the defense of contributory negligence. It was held that the instruction was not subject to the complaint specified and that the giving of it was not erroneous. It is to be noted that the instruction in the case cited told the jury that if it should be found that defendant had failed to perform the duty described by the court and the jury should find that such failure was the proximate cause of the injury complained of the verdict should be for plaintiff. Obviously, the instruction was more susceptible of criticism than that of which complaint is here made, since in the former instruction the important limitation that the jury in order to return a verdict for plaintiff should find that defendant's negligence was the *sole* cause of the injury is lacking. In *Hotel Assn.* v. *Walter*, 23 Neb. 280 [36 N. W. 561, 564], objection was made that an instruction wherein the jury was told that, if an accident occurred solely in consequence of defendant's negligence, defendant was liable for resulting injuries was misleading as failing to take into account the contributory negligence of plaintiff. The *supreme* court of *Nebraska* held that if the accident occurred solely in consequence of defendant's negligence, the plaintiff must have been free from contributory negligence and the jury must have so understood it. This we believe to be the proper construction of the language criticised in the instruction under consideration.

It is also contended that the trial court erred in giving the following instruction:

"The Motor Vehicle Act, section 125 (a) provides: 'Any vehicle overtaking another vehicle proceeding in the same direction shall pass at least two feet to the left thereof, and shall not again be driven to the right side of the highway until reasonably clear of such overtaken vehicles.' The above section was in force at the time and place of the accident involved here, and if you find that the defendants violated the above section, or any provision thereof, then the violation of same was negligence as a matter of law, and if you find that this violation, if any, was the sole, proximate cause of any injury to plaintiff, then you will

find damages in favor of the plaintiff and against defendants.''

No complaint is made of the wording of this instruction or that it does not correctly state the rule with respect to the overtaking and passing of one vehicle on a highway by another vehicle, but it is contended that there is no evidence in the record which shows that the bus driven by appellant McJimsey ever attempted to pass the Ford automobile in which respondent was riding and it is therefore urged that the giving of the instruction was misleading and prejudicial to the rights of appellants. In *Gregg* v. *McDonald*, 73 Cal. App. 748 [239 Pac. 373, 376], the rule with respect to the giving of irrelevant instruction is stated as follows:

''The trial court gave an instruction which was not warranted by the evidence. We agree with the appellant that it was calculated to mislead the jurors and to affect their conclusion on the amount of damages to be awarded by them. We are satisfied, therefore, that the giving of it was prejudicial error necessitating a reversal of the judgment. The rule deducible from the authorities is this: Such instructions only should be given as are based upon legitimate evidence in the case; if an irrelevant instruction be given, and if it is unobjectionable as an abstract proposition of law, the giving of it is a mere technical, but not a reversible error, if it is not calculated to mislead the jury; if, however, it is calculated to mislead the jury and to affect their conclusion upon the issue submitted to them, it is prejudicial and reversible error. (*Coughlin* v. *People*, 18 Ill. 266 [68 Am. Dec. 541]; *Mendelsohn* v. *Anaheim Lighter Co.*, 40 Cal. 657; *Perkins* v. *Eskert*, 55 Cal. 400; *People* v. *Roe*, 189 Cal. 559 [209 Pac. 560].)''

Examination of the record discloses that the jury may fairly have drawn from the evidence presented to them the inference that the automobile bus was attempting to pass the Ford automobile at the time the collision occurred. It is therefore not open to doubt that the giving of the instruction was proper. (*Raymond* v. *Hill*, 168 Cal. 473, 479 [143 Pac. 743]; *Waniorek* v. *United Railroads of San Francisco*, 17 Cal. App. 121, 128 [118 Pac. 947].)

Finally, even though it be conceded that the instruction complained of was entirely inapplicable, we are un-

able to discover from the record that the rights of appellants were in any way prejudiced thereby. Under such circumstances, the giving of the instruction does not constitute such error as to warrant reversal of the judgment (*Wright* v. *Salzberger & Sons, supra; Lower* v. *Hughes,* 80 Cal. App. 444, 448, 449 [251 Pac. 952]; *Marston* v. *Pickwick Stages, Inc.,* 78 Cal. App. 526, 532 [248 Pac. 930]).

For the reasons herein set forth, the judgment is affirmed.

Barnard, P. J., and Marks, J., concurred.