[Civ. No. 16264. First Dist., Div. Two. May 18, 1955.]

T. L. CARRUTHERS, Appellant, v. JOSEPH CUNHA, Respondent.

94

Nathan Engelberg and Claire Engelberg for Appellant.

Theodore Tamba and F. A. Plank for Respondent.

DRAPER, J. pro tem.*—Plaintiff sued for damages for personal injuries allegedly sustained in a truck-automobile collision December 19, 1952. The jury returned a unanimous verdict for defendant, and plaintiff appeals from the judgment on that verdict.

Plaintiff-appellant drove his sedan east on Central Avenue in Richmond. At Eastshore Freeway he stopped for a red signal. When it turned to green he started across the freeway and, when part way across, his right rear fender was

---

*Assigned by Chairman of Judicial Council.

struck by respondent's truck, which was northbound on the freeway.

Appellant's principal contention is that the evidence is insufficient to support the verdict. ██ However, "a judgment will not be reversed on appeal if there is substantial evidence to support the verdict on any theory on which it might have been reached." (*Clement* v. *State Reclamation Board,* 35 Cal.2d 628, 643 [220 P.2d 897].) Thus, if there is substantial evidence to support a conclusion that no injury proximately resulted from the collision, or that there was contributory negligence, or that respondent was not negligent, appellant's contention fails.

After careful review of the record, we are satisfied that appellant's contention must fail, not only in one, but in all three of these contentions.

██ The principal issue raised by the briefs is the question whether appellant sustained any injuries proximately caused by the accident.

There is no direct evidence that appellant was thrown about in his car, or that his body struck any object, at the time of the collision. He testified, however, that his car was thrown out of control by the collision, ran into a bank at the side of the road, and was damaged at the front as well as at the point where the truck struck it.

However, the truck driver and the highway patrolman who investigated the accident denied that the car had struck any bank or suffered any front damage. The driver testified that appellant's car stopped right where it was struck, and was only 8 to 10 inches away from the front of the truck when it stopped, denied that the collision was "a blow" and said "I just slid into him." Appellant testified that the truck stopped "right where it struck" him. The officer did not list either "injury" or "possible injury" in his report, and could recall no complaint of injury by appellant. The driver testified that appellant made no claim of any injury after the accident, although they were together during the 20 minutes before arrival of the officer, and through some time of interview by him. Appellant, after the collision, drove to his place of employment and picked up his check. He did not go to his doctor's office until 2 p. m., about five hours after the accident.

Two doctors were called by appellant. They testified that arthritic developments after the accident necessitated an operation on appellant's spine, performed August 20, 1953,

and that he suffered great pain and disability over a long period. Both testified that these conditions resulted from the collision. But the doctor who first examined appellant based his testimony connecting the injury with the accident on the assumption that appellant had suffered a "violent injury" and had been "thrown violently" in the collision. The second, a specialist in orthopedics, based his finding connecting injury and accident largely on the statement of the first doctor.

A doctor called by respondent examined appellant January 28, 1953, 40 days after the accident and 16 days after the first examination by appellant's orthopedist. This was well within the period of the alleged objective symptoms of muscle spasm found by appellant's orthopedist. Respondent's witness, also an orthopedist, testified that there was no muscle spasm, no objective symptoms of the asserted injury, no fracture such as was testified to by plaintiff's doctors, and no need for an operation on appellant's back. He testified that all appellant's difficulties resulted from a degenerative type of arthritis long antedating the accident, and that he could find no relation between appellant's condition and the accident. He also testified to a telephone conversation with the doctor who first treated appellant, in which statements contradictory of some of the testimony of that physician were made.

The doctor called by respondent concluded that appellant was a "malingerer," whose injury was "not genuine" but "simulated." Other witnesses testified to appellant's walking without his cane and working in his yard after the injury, in contradiction of his own testimony that he could not walk unaided.

In this state of the evidence, the jury could conclude that plaintiff testified falsely concerning his injuries, and could have concluded that he suffered no injury. (*Nelson* v. *Black*, 43 Cal.2d 612 [275 P.2d 473].) It is to be noted that in the cited case defendant admitted liability, but judgment on the verdict for defendant was affirmed. Here respondent denied liability.

▅ The evidence showed that the driver of respondent's truck, when about 400 feet from the intersection, saw the signal change to yellow. He was then driving at about 40 miles per hour. He began to slow down, using the brakes on the rear wheels and shifting into lower gears. When about 20 feet from the intersection he applied all brakes,

to complete his stop, but the vehicle skidded some 5 or 6 feet into the intersection at a speed of 5 to 6 miles an hour. The day was rainy and the pavement wet. There is no direct evidence that the gradual slowing of the truck to a stop was either normal and careful or unusual and lacking due care. Thus the question of negligence clearly was one of fact for the jury, to be decided principally upon inference.

Appellant also asserts that there is no possible basis for a finding of contributory negligence on his part. But there is evidence that appellant was in low gear, traveling 10 to 15 miles per hour, or less, and that he first observed the danger of collision when the truck was 15 feet from him. The collision occurred in the easternmost lane of the freeway. Appellant's car had crossed no more than half the freeway when he observed the danger. There was room for the jury to infer that he could have avoided the collision either by stopping his car or by increasing his speed. It was for the jury to determine whether due care required him to do either of these things, and thus whether he acted negligently. (*Couchman* v. *Snelling,* 111 Cal.App. 192, 196 [295 P. 845]; *Donat* v. *Dillon,* 192 Cal. 426 [221 P. 193]; *Blackmore* v. *Brennan,* 43 Cal.App.2d 280, 287 [110 P.2d 723].)

On each of these issues there was much evidence to sustain a verdict for appellant. We have not summarized such evidence here, for it is not the function of an appellate court to weigh the evidence. Where the trial judge, who heard and saw the witnesses, has denied a motion for new trial, there is even less room for us to question the verdict of the jury. Our function ends with the determination that there is substantial evidence to support the verdict. We conclude that there is such evidence as to each of the three issues discussed above. Any one of these would sustain the verdict for respondent.

Appellant claims error in the giving of certain instructions and the refusal to give others.

As to the instructions given, the record on this appeal does not show who proposed any of them. Appellant did not, either by closing brief or on oral argument, deny respondent's assertion that the bulk of these questioned instructions were in fact proposed by appellant. However, on the day following oral argument and submission of this appeal appellant requested augmentation of the record to show who did propose what instructions. We are satisfied that the instructions given

were proper, without regard to their source. Therefore we do not delay this case for such augmentation.

■ Appellant asserts that it was error to instruct on unavoidable accident. But here respondent's truck skidded upon wet pavement. Whether this was attributable to the truck driver's negligence or to factors beyond his reasonable control was, as already pointed out, a question of fact. The instruction really raises the issues of negligence and proximate cause and was proper here. (*Parker* v. *Womack*, 37 Cal.2d 116 [230 P.2d 823].) Here the jury was instructed that "if any rule, direction or idea be stated in varying ways, no emphasis thereon is intended by me, and none must be inferred by you." The questioned instruction was not erroneous.

■ Appellant urges error in giving an instruction that "In a case as here presented, there is no legal presumption of negligence on the part of the defendant." But he has lifted it from context. The instruction given has a comma, rather than a period, after "defendant," and continues: "or of contributory negligence on the part of the plaintiff. Such matters are facts, which like other material facts alleged by any party, must be proved by the party upon whom rests the burden of proof." Read as a whole, it is but a general instruction which is wholly proper.

■ The court gave an instruction on the duties of drivers at an intersection controlled by stop and go signals, concluding with the language, "In giving you this instruction I do not mean to imply or to suggest that either party involved in the accident in question did enter the intersection . . . against a stop signal. . . . Whether or not (this) was done is a question of fact you must decide." Appellant asserts prejudicial error in the giving of the first sentence quoted. On the evidence, the court could well have omitted this disclaimer. However, it is not prejudicial. There was no dispute that the truck did enter against the signal and the jury could not have found otherwise. The real question was whether this act was reasonably justifiable under all the circumstances.

■ Appellant also complains that the court defined negligence. He says "the jury should not have been instructed on the reasonable man test of negligence, but should have been instructed that the statutory standard governs." This is incomprehensible to us. The jury was instructed properly upon the effect of violations of statute. The very instruction

upon this subject proposed by appellant, the refusal of which he assigns as error, uses the term "negligence." Negligence is the basis of appellant's claim, and contributory negligence is pleaded as a defense. Surely it is reasonable, if not essential, to define the term. Appellant does not complain of the accuracy of the definition, but only contends that, because his case is based upon a violation of statute, no definition of negligence should have been given. The position is untenable.

Appellant complains, also, of the instruction upon contributory negligence. As already pointed out, there was room for the jury to determine that appellant could have avoided the collision by the exercise of ordinary care after he realized his danger.

"Whether or not . . . plaintiff after observing the approach of defendant's car, its position, and the rate of speed it was traveling and keeping the same within his side vision, was justified in proceeding upon his rightful way across the intersection in advance of defendant presents a question upon which reasonable minds might differ and was therefore one for the jury to determine." (*Couchman* v. *Snelling, supra,* 111 Cal.App. 192, 196. See also *Donat* v. *Dillon, supra,* 192 Cal. 426; *Blackmore* v. *Brennan, supra,* 43 Cal.App.2d 280, 287.)

Appellant then complains that the court, after instructing that "one who enters the intersection in response to a 'go' sign may assume that traffic on the cross street will not enter the intersection against a 'stop' sign, and hence is not required before entering or while crossing to make or maintain a lookout for cross traffic that could endanger him only by violating a 'stop' signal," added "However, when danger is apparent to him or would be apparent to a person of ordinary prudence in the same situation, he is not excused from exercising ordinary care to avoid a collision even though the danger is created by one who enters or appears about to enter the intersection against a 'stop signal.' "

We see no error in the instruction. A like qualification to a similar instruction was approved in *Stickel* v. *San Diego Elec. Ry. Co.,* 32 Cal.2d 157, 166 [195 P.2d 416], where the court said, at page 167: "One may not continue to assume that the law is being observed after knowing or having an opportunity, by the use of reasonable care, to know that it is not being observed." (See also *Connor* v. *Pacific Greyhound Lines,* 104 Cal.App.2d 746 [232 P.2d 500].)

Appellant also questions the instruction that "one

cannot go from a place of safety into a place of danger without using his eyes or ears to see or hear . . .'' This is a general instruction, applicable to both parties alike, and was given with the general instructions at the outset of the court's charge to the jury. Appellant cites no authority for his attack, which is without merit.

Appellant complains of the omission of a portion of one instruction. He proposed an instruction in the exact language of California Jury Instructions Civil (3d ed.) (B.A.J.I.) 141, including the parentheses around the sentence which the editors say is ''a portion that may be omitted, leaving a short form for use if the trial judge does not consider elaboration necessary.'' Obviously, the trial judge accepted this invitation to brevity.

There is nothing to indicate that appellant was prejudiced by the omission. ▮▮▮ Following the statement that entering an intersection against a signal is not, of itself, conclusive proof of negligence, appellant says the court should have added: ''This is so because the controlling device may change to give the stop sign either just as a vehicle is entering the intersection or when it is so close that an attempt to stop suddenly would be futile, or would be more hazardous than crossing the intersection, or would be more liable to result in interference with other traffic. The fact that the law recognizes these possibilities, however, does not justify a driver in approaching an intersection at a careless rate of speed. He, too, is bound to know that the signal, being automatic, will not heed his approach and that it may change before he reaches the intersection. The ordinarily careful driver will adjust his speed to that possibility. Failure to obey a traffic signal may or may not be the proximate result of a negligent speed in approach.''

The court did give the remainder of the instruction: ''When there is a question whether a driver was negligent in entering an intersection against an automatic stop signal, all the surrounding circumstances should be considered with a view to judging whether his conduct was justifiable, excusable and in the manner of an ordinarily prudent person.''

This seems clearly to cover the ground, and to instruct the jury adequately upon the subject. The instruction followed the statement that a driver shall obey the signals, and was followed by an instruction that violation of the code section is presumed to be negligence, unless the presumption is overcome by other evidence. We see no error in directing the

jury's attention to "all the surrounding circumstances" rather than emphasizing one of these circumstances. The jury was properly instructed upon this point.

 Finally, appellant argues that the court erred in refusing to instruct "If you should find from the evidence that a party to this action conducted himself in violation of section 475 of the California Vehicle Code just read to you, you are instructed that such conduct constituted negligence as a matter of law."

The court did instruct that violation of any of the code sections read to the jury (including § 475) constitutes "negligence *per se*," and raises a presumption of negligence which, however, can be overcome by evidence showing that the conduct was "excusable, justifiable and such as might reasonably have been expected from a person of ordinary prudence." Appellant complains that the instruction given does not refer specifically to section 475. It followed closely the reading of this section and one other. Appellant's complaint in this respect is captious.

 He also claims error, however, in the portion of the instruction defining the circumstances under which the violation of the section may be excusable and justifiable. The very case he cites, *Satterlee* v. *Orange Glenn School Dist.*, 29 Cal.2d 581 [177 P.2d 279], is opposed to his view. There the court says, at page 590: ". . . each violation of a statutory requirement must be considered in connection with the surrounding circumstances. Ordinarily, the excuse relied upon by the violator presents a question of fact for the jury's determination." In *Gallup* v. *Sparks-Mundo Engineering Co.*, 43 Cal.2d 1 [271 P.2d 34], the Supreme Court approved an instruction stating "When there is a question whether a driver was negligent in entering an intersection against an automatic stop signal, all the surrounding circumstances should be considered with a view to judging whether his conduct was justifiable, excusable and in the manner of an ordinarily prudent person." This is in substance the instruction given here.

 Appellant also asserts misconduct of counsel for respondent. Appellant's brief, by repetition (as much as three times) of the statements objected to, greatly magnifies their importance. The court admonished the jury to disregard each remark to which objection was made, even though appellant did not request such instruction. In his instructions to the jury, the trial judge told the jury "You are cautioned

to distinguish carefully between the facts testified to by the witnesses and any statements made by the attorneys during the trial or in their arguments as to what facts have been proved. Such statements are not evidence in the case . . . If counsel on either side . . . made any statement not supported by the evidence . . . then the court admonishes you to disregard all such statements."

Some statements made by counsel were improper. However, they did occur in the course of questioning two medical witnesses who themselves became quite argumentative. In fact, the doctors so adequately responded to these statements that it is difficult to see that the net result was in any way injurious to appellant. In any event, the prompt admonitions of the court and its closing instructions were adequate to cure any injury. The issue was raised on motion for new trial, and the trial judge, in denying the motion, expressed the view that the doctor "handled himself very well."

Judgment affirmed. The purported appeal from order denying new trial is dismissed.

Nourse, P. J., and Kaufman, J., concurred.