320 P.2d 40]

[Civ. No. 17553.   First Dist., Div. Two.   Jan. 21, 1958.]

LENA M. FOSS, Appellant, v. GALLAGHER & BURK, INC. (a Corporation) et al., Respondents.

2

Lionel B. Benas, B. E. Kragen, Harold L. Strom and Stanley W. Blackfield for Appellant.

William J. Connolly for Respondents.

DRAPER, J.—Plaintiff seeks damages for personal injuries suffered in a collision of her car and defendants' truck. The collision occurred at a three-street intersection controlled by traffic signals. Plaintiff was driving her car in a funeral procession moving easterly on Foothill Boulevard. The truck was being driven southerly on Seminary Avenue. The parties concede that one of these vehicles entered the intersection against a red light, but the evidence is contradictory as to which vehicle this was. Two guests in the car driven by plaintiff also were injured, and their actions against these defendants were consolidated for trial with plaintiff's case. The jury returned verdicts in favor of the two guests, and there is no appeal from judgments entered upon those verdicts.

The same jury found against plaintiff, and she appeals from the ensuing judgment.

Appellant urges that the evidence is insufficient to support the judgment against her. The verdicts in favor of appellant's guests show that the jury found respondent driver negligent. It follows that the verdict against appellant can be based only upon a finding of contributory negligence. Appellant asserts flatly that the jury found that the truck entered the intersection against a red light. Since it would follow that she entered with the green light, she argues there is nothing in the evidence to place upon her a duty to observe the truck, which could menace her only by unlawful entry into Foothill Boulevard. In the absence of such a duty, she asserts, there is no evidence to show that she was negligent. We find nothing to compel the conclusion that appellant correctly analyzes the jury's finding. ■ Upon appellate review, the evidence must be regarded in the light most favorable to the jury's conclusion (*Jordan* v. *Guerra*, 23 Cal.2d 469, 476 [144 P.2d 349]). Under that rule, we can and do accept the testimony that the traffic signal was against appellant when she entered the intersection. This establishes her contributory negligence. ■ The negligence of the truck driver, which was necessary to the verdict in favor of appellant's guests, is found in testimony relating to his conduct after entering the intersection. According to this testimony, he turned his head to shout at the driver of another car which encroached upon his right of way. He continued in this position, with his truck moving forward, until he heard a scream and looked forward to see appellant's car four feet in front of him. This evidence would warrant the conclusion that he should have seen appellant's car despite his right to assume that she would honor the red signal confronting her. See *Stickel* v. *San Diego Elec. Ry. Co.*, 32 Cal.2d 157, 167 [195 P.2d 416]; *Carruthers* v. *Cunha*, 133 Cal.App.2d 91, 99 [283 P.2d 384]; *Leeper* v. *Nelson*, 139 Cal.App.2d 65, 68 [293 P.2d 111].)

■ An offered instruction on the rights of one entering an intersection upon a green signal was qualified by the court's addition of the statement that such a driver "may not ignore danger which is apparent to him." Also, to an instruction as to one's right to assume that others will obey the law, the court added the usual qualification that this right does not exist when it is or reasonably should be apparent that this duty is not going to be performed. Appellant complains of both instructions, again assuming that the jury found her

to have entered on the green light, and thus could use the qualifying language only against her. The fallacy of this view has been pointed out. In any event, the instructions were proper (*Carruthers* v. *Cunha, supra,* 133 Cal.App.2d 91, 99; *Stickel* v. *San Diego Elec. Ry. Co., supra,* 32 Cal.2d 157, 166; *Bilyeu* v. *City of San Diego,* 126 Cal.App.2d 631, 635 [272 P.2d 789]).

Appellant also complains of instructions as to justification or excuse for violation of traffic regulations. There was no evidence suggesting such justification for either party. Thus these instructions were erroneous. But it is obvious that the jury found neither excuse nor justification for the acts of either driver. On the contrary, it found each to be negligent. Since the instructions were not acted upon, it is clear that the error was not prejudicial.

Appellant purports to appeal from the order denying new trial. Since 1915, such an order in a civil case has not been appealable (see cases cited at 3 Witkin, California Procedure, 2169). That purported appeal is dismissed.

The judgment is affirmed.

Kaufman, P. J., and Dooling, J., concurred.