KAUFMAN, P. J.
 

 Appellant Bonnie Beard sustained personal injuries in a collision between a vehicle in which she was a passenger and a vehicle driven by the respondent Joseph A. David for his employer, the respondent The San Francisco News. On appeal from the judgment rendered on the jury verdict in favor of the respondents, she argues that the evidence established as a matter of law that the negligence of the defendants was the proximate cause of her injuries and that the jury was misdirected to her prejudice on several matters.
 

 A review of the record indicates that there is no merit in the appellant’s first contention. The accident occurred about 7 p. m. on July 26, 1956, at the intersection of Mission Street and South Van Ness Avenue in San Francisco. The appellant was a passenger in a southbound vehicle on South Van Ness; the respondent Joseph A. David was driving east on Mission Street. South Van Ness runs generally north and south; Mission Street, east and west. The intersection is a very wide one, controlled by signal lights which go through a sixty-second cycle for southbound traffic on South Van Ness, composed of 23 seconds of green, 3% seconds of amber and 33% seconds of red. The eastbound traffic on Mission is also controlled by a sixty-second cycle signal composed of 30 seconds of green, 3% seconds of amber and 26% seconds of red. The two signals are so adjusted that the light does not turn to green for
 
 *177
 
 traffic going east on Mission until the end of the amber time governing the southbound traffic on South Van Ness.
 

 The police officer who arrived on the scene shortly after the accident testified that the 1952 Chevrolet sedan driven by the respondent Joseph
 
 A.
 
 David had collided with the right center side of the Oldsmobile in which the appellant was a passenger. He estimated the point of impact to be about 48 feet east of the westerly curb line of South Van Ness and 2-3 feet north of the southerly extension of the Mission Street curb line. At the point of impact the front of the vehicle in which the appellant was a passenger extended about 6 feet south of the southerly extension of the Mission Street curb line.
 

 The only two eyewitnesses who testified at the trial were the appellant and the respondent Joseph A. David. Mrs. Billeci, the driver of the vehicle in which the appellant was a passenger, was not available as a witness. The appellant testified that at the time they entered the intersection, the signal light was green but thereafter turned to amber. She did not remember seeing the car driven by Mr. David. She estimated the speed of the Billeci vehicle as between 25-30 miles per hour but wasn’t looking at the speedometer.
 

 Mr. David testified that he was traveling east on Mission. As he approached the intersection, the signal turned red and he stopped below the borderline. He remained stopped until a few seconds after the signal turned green and then proceeded across. He testified that he waited to move in order to get a full view of the broad intersection. He continued to watch as he proceeded across the intersection and did not see any cars approaching from Van Ness. He estimated his speed at 15 miles per hour and that of the Billeci vehicle at about 40 miles per hour. He also testified that immediately after the accident he asked the appellant and Mrs. Billeci if they were hurt and they said they were not; that Mrs. Billeci did not want to call the police, and that Mrs. Billeci indicated that she went through the amber light. The appellant denied making or hearing any of these statements.
 

 As stated above, the jury came in with a defense verdict. Appellant contends that Mr. David’s testimony demonstrated his negligence, as a matter of law, and that the judgment, therefore, must be reversed. Appellant has assumed a most heavy burden. The situations in which it can be said that a party was negligent as a matter of law are rare.
 
 (Fletcher
 
 v. Pierceall, 146 Cal.App.2d 859 [304 P.2d 770].) Appellant
 
 *178
 
 relying on the testimony of her expert witness and the apparent failure of Mr. David to see the vehicle in which she was riding, attempts to bring herself within the rule of
 
 Gray
 
 v.
 
 Brinkerhoff,
 
 41 Cal.2d 180 [258 P.2d 834];
 
 Huetter
 
 v.
 
 Andrews,
 
 91 Cal.App.2d 142 [204 P.2d
 
 655]; LaBranch
 
 v.
 
 Scott,
 
 82 Cal.App.2d 1 [185 P.2d 823], and
 
 Lasater
 
 v.
 
 Oakland Scavenger Co.,
 
 71 Cal.App.2d 217 [162 P.2d 486], In the Brinkerhoff case, the defendant, without legal cause, ran down the plaintiff pedestrian, who had the right-of-way. The Supreme Court reversed a jury verdict in favor of the defendant on the ground that the evidence showed as a matter of law that the defendant was negligent. In the Huetter case, the defendant had a clear view of the highway for 850 feet preceding the point of impact with the plaintiff’s car, but did not see the plaintiff’s car until he was within 75-100 feet away. The LaBranch and Lasater cases involved automobile-pedestrian accidents occurring on dark nights when the pedestrian crossed the highway.
 

 The instant case is not at all comparable. Mr. David testified that he drove into the intersection with the green light in his favor and in strict compliance with the law regulating traffic at a signal-controlled intersection and the basic speed law. (Veh. Code, §§ 476, 510.
 
 *
 
 ) The respondent David also testified that before he entered the intersection he carefully observed the cross-traffic. The jury could also find from appellant’s testimony that Mrs. Billeci drove into the intersection and was crossing it against the signals in violation of both sections 476 and 510. Thus, in the instant case, it was clearly for the jury to determine who had the right-of-way and whether the parties should have seen each other before the accident.
 
 (Cf. Freeman
 
 v.
 
 Churchill,
 
 30 Cal.2d 453, 459 [183 P.2d 4].) The testimony of appellant’s expert witness that on the hypothetical facts of the accident, Mr. David’s testimony was inherently incredible, was not conclusive but was to be weighed by the jury.
 
 (Treadwell
 
 v.
 
 Nickel,
 
 194 Cal. 243, 263-264 [228 P. 25].) Appellant cites
 
 Neilson
 
 v.
 
 Houle,
 
 200 Cal. 726 [254 P. 891] and
 
 Anderson
 
 v.
 
 Joseph,
 
 136 Cal.App.2d 382 [288 P.2d 524], in both of which a similar attack was held without merit. (See also
 
 Butticci
 
 v.
 
 Schindel Furniture Co.,
 
 152 Cal.App.2d 165, 167-168 [313 P.2d 62].) We can only conclude that in view of the conflicting evidence on
 
 *179
 
 all salient issues, the issues of negligence and proximate cause were properly left to the jury.
 
 (Foss
 
 v.
 
 Gallagher & Burke, Inc.,
 
 157 Cal.App.2d 1 [320 P.2d 40].)
 

 Appellant next argues that in the absence of proof of signposting in the area, the following instruction on the prima facie speed limit was erroneous and prejudicial:
 

 “I instruct you that the prima facie speed limit that was in effect at the time and place of the accident involved in this case was twenty-five miles an hour.
 
 ’ ’
 

 This instruction given at the request of the respondents was based on section 511 of the Vehicle Code (which provides a prima facie speed limit of 25 miles per hour in any business or residential district) and the testimony of the police officer that the intersection was a 25 mile per hour intersection.
 

 Appellant relies on
 
 Daniels
 
 v.
 
 City & County of San Francisco
 
 (1953), 40 Cal.2d 614 [255 P.2d 785], in which section 511 of the Vehicle Code was construed to require signposting in all cases. The accident in the instant case, however, occurred after the 1955 amendment of section 511 (Stat. 1955, ch. 866, p. 1480, § 1), which eliminated the language relied upon by the Supreme Court in the Daniels case,
 
 supra.
 
 In eases such as the instant one, arising after the 1955 amendment, the nature of a business district is shown by proof of facts specified in the definition of a business district by section 89
 
 [1]
 
 of the Vehicle Code. The instant case is clearly distinguishable from
 
 Shachunazarian
 
 v.
 
 Widmer,
 
 159 Cal.App.2d 180 [323 P.2d 865], where there was not sufficient evidence in the record for us to determine whether the location of the accident was in a business district as defined in sections 89 and 90.1 of the Vehicle Code. Although not directly shown in the evidence apart from the aforementioned testimony of the police officer, it may be accepted as a matter of judicial and general knowledge as it doubtless was by the court below as a fact in the ease, that the intersection of South Van Ness and Mission is in the business district of San Francisco.
 
 (Wahrenbrock
 
 v.
 
 Los Angeles Transit Lines,
 
 84 Cal.App.2d 236 [190 P.2d 272];
 
 *180
 

 People
 
 v.
 
 Anderson,
 
 117 Cal.App.Supp. 763 [1 P.2d 64];
 
 Katz
 
 v.
 
 Helbing,
 
 205 Cal. 629 [271 P. 1062, 62 A.L.R. 825] ;
 
 Smith
 
 v.
 
 Southern Pacific Go.,
 
 201 Cal. 57 [255 P. 500] ;
 
 Beaugh
 
 v.
 
 Cudahy Packing Co.,
 
 189 Cal. 335, 340-341 [208 P. 125];
 
 Varcoe
 
 v.
 
 Lee,
 
 180 Cal. 338 [181 P. 223].) There was, therefore, no error in the giving of the prima facie speed limit instruction.
 

 Appellant’s main argument is that the jury was misdirected to her prejudice because the court gave the following instructions:
 

 “I instruct you that the prima facie speed limit that was in effect at the time and place of the accident involved in this case was twenty-five miles per hour.”
 
 [2]
 

 (Given at request of defendants)
 

 “The speed at which a vehicle travels upon a highway, considered as an isolated fact and simply in terms of so many miles an hour, is not proof either of negligence or of the exercise of ordinary care.
 

 “Whether that rate of speed is a negligent one is a question of fact, the answer to which depends on all the surrounding circumstances.
 

 “The basic speed law of this state, as provided by Section 510 of our Vehicle Code, is as follows:
 

 “ ‘No person shall drive a vehicle upon a highway at a speed greater than is reasonable or prudent, having due regard for the traffic on, and the surface and width of, the highway, and in no event at a speed which endangers the safety of persons or property. ’
 

 “A violation of this basic rule is negligence.”
 

 (Given at request of plaintiff)
 

 “Conduct which is in violation of any of the statutes just read to you constitutes negligence in and of itself. This means that if the evidence supports a finding, and you do find, that a person did so conduct himself, it requires a presumption that he was negligent.
 

 “However, such presumption is not conclusive. It may be overcome by other evidence showing that under all the circumstances surrounding the event, the conduct in question was excusable, justifiable or such as might reasonably have been expected from a person of ordinary prudence. In this connection, you may assume that a person of ordinary prudence
 
 *181
 
 will reasonably endeavor to obey the law, and will do so unless causes, not of his own intended malting, induce him, without moral fault to do otherwise.
 

 “To prove that a violation of a statute, such as those charged in this ease, was excusable and justifiable so as to overcome the presumption of negligence, the evidence must support a finding that the violation resulted from causes or things beyond the control of the person charged with the violation.”
 
 [3]
 

 The appellant contends that the combined effect of these instructions was to east upon appellant the burdei^of proving that the speed of the Billeei vehicle was neither negligent or unlawful. It is argued that this erroneous effect is not invited error because the heart of the error is the impropriety of the speed limit instruction requested by respondent. This contention might be correct if the premise that respondent was negligent as a matter of law could be sustained and if, upon the record of the entire ease, respondents were not entitled to have the jury instructed on the applicable speed limit in effect at the time and place of the accident. We have already ruled adversely to the plaintiff on the first premise. The second premise is not sustainable because in this case the record discloses a two-fold defense: (a) that respondent David was not negligent; and (b) that the sole proximate cause of the accident was the negligence of a third party, Mrs. Billeei.
 

 In support of their first defense, respondents adduced the David testimony of his acts in approaching and entering the intersection. In support of the second, respondents elicited the various estimates of speed in excess of the prima facie speed limit and other evidence from which a violation of right-of-way on the part of the third party could be inferred. In view of the record, respondents did have the right to an instruction on the applicable speed limit. That right was not affected by the fact that the third party stood in a host relationship to appellant as a guest in the Billeei automobile. As was said in
 
 Hardin
 
 v.
 
 San Jose City Lines, Inc.,
 
 41 Cal.2d 432, at page 439 [260 P.2d 63] : “It is proper under section 513 of the Vehicle Code to give an instruction on the prima facie speed limit even though proof of speed in excess of that limit is not enough, standing alone, to show that the vehicle was being operated negligently.” It follows that any
 
 *182
 
 confusion or error, of effect or otherwise, in the instructions given had its source in the instructions requested by appellant. The judgment is affirmed.
 

 Draper, J., and Good, J. pro tem.,
 
 *
 
 concurred.
 

 A petition for a rehearing was denied April 22, 1960.
 

 *
 

 Reporter’s Note: Vehicle Code citations are to sections as numbered prior to the
 
 1959
 
 recodification.
 

 [1]
 

 ‘
 
 'Business district’ is that portion of a highway and the property contiguous thereto (a) upon one side of which highway, for a distance of 600 feet, fifty percent or more of the contiguous property fronting thereon is occupied by buildings in use for business, or (b) upon both sides of which highway, collectively, for a distance of 300 feet, fifty percent or more of the contiguous property fronting thereon is so occupied. A business district may be longer than the distances specified in this section if the above ratio of buildings in use for business to the length of the highway exists.” (Stats. 1935, ch. 27, p. 99, § 89.)
 

 [2]
 

 This instruction is based on section 511 of the Vehicle Code.
 

 [3]
 

 This instruction is based on section 513 of the Vehicle Code.
 

 *
 

 Assigned
 
 by
 
 Chairman of Judicial Council.