[Civ. No. 8628.    Third Dist.    Oct: 18, 1955.]

S. A. ANDERSON, Respondent, v. HARRY JOSEPH
et al., Appellants.

John D. Chinello for Appellants.

Gilbert Moody for Respondent.

SCHOTTKY, J.—Plaintiff commenced an action for damages against defendants, alleging that on May 15, 1951, plaintiff visited defendants' place of business to inquire about parts and mechanical service, and to have such supplied and done, and that, while waiting for attention, a tractor wheel weight fell upon plaintiff's foot, severely bruising and breaking four toes; that the proximate cause of said injuries and damage resulting therefrom was the negligence of defendants in placing and leaving the said tractor wheel weight in a position and condition so that it could easily slip and fall from its support and their negligence in having the premises in an unsafe condition and dangerous to occupants, invitees, and users of the premises.

Defendants in their answer denied any negligence on their part and also set up the special defenses of contributory negligence and unavoidable accident.

The action was tried before the court sitting without a jury and the court rendered judgment in favor of plaintiff, finding in part as follows:

"2. That on May 15, 1951, plaintiff, S. A. Anderson, visited said defendants' place of business in Livingston, California, for the purpose of having mechanical work done on his tractor engine. The defendants placed and left a certain tractor wheel weight in a position and condition so that it could, and did, fall upon plaintiff's foot and proximately caused

injuries, disability, and damage to the plaintiff, all in the sum of $4,600.00.

"3. That it is not true that the falling of the weight was without any fault or want of care on the part of said defendants, and it is not true that plaintiff was careless or negligent, or that any carelessness or negligence of the plaintiff contributed to the occurrence of the injuries and damage to plaintiff."

Defendants' motion for a new trial was denied and they have appealed from the judgment, attacking it upon the ground that the evidence is insufficient to support the judgment.

It is too well established to require the citation of authorities that when a judgment is attacked upon the ground of the insufficiency of the evidence, the power of the appellate court begins and ends with a determination of whether there is any substantial evidence, uncontradicted or contradicted, to support the findings. The judgment must be affirmed unless, after accepting the full force of the evidence, together with every inference favorable to the prevailing party which may reasonably be drawn therefrom, and disregarding all evidence in conflict therewith, it still appears that the law precludes such party from recovering a judgment. Bearing this familiar rule in mind we shall give a brief summary of the evidence.

Defendants were partners doing business as Joseph Brothers in Livingston, California, selling and servicing tractors and farm implements. Plaintiff, a dairy rancher, called at their business establishment around 11 o'clock the morning of May 15, 1951, with a tractor motor belonging to him to have certain repair work done on it. He parked in an area adjacent to defendants' shop and for the next hour waited for service. During this time he was both in the shop building and outside, apparently rather aimlessly passing the time. Shortly before noon, George Joseph told him that a mechanic would not be able to work on his motor until 1 p.m. or later, and suggested plaintiff wait in the shop where there was a seat he could rest on. At noon all the shop employees left and plaintiff decided he would wait in the shop. A few minutes after noon plaintiff entered the shop through a large open doorway. On the left as he entered was a work bench approximately 3 to 3½ feet high, and leaning against it was a large tractor wheel mounted with a tire filled with water, and a wheel weight. The seat to which plaintiff intended to go was

also to the left and beyond the bench, and so it was necessary to pass by the bench and wheel. As plaintiff passed by the bench and the wheel, the wheel weight slipped from the wheel and fell upon one of his feet, causing multiple fractures and other injuries of the foot. The wheel itself did not move or fall. There was no one in the shop at this time other than plaintiff.

The wheel with the water-filled tire mounted thereon, exclusive of the weight, weighed about 400 pounds, and its outside diameter was about 4 to 5 feet. The wheel weight was about 225 pounds. It was a circular ring of cast ferrous metal about 18 inches in diameter and 6 inches thick. On one side it was flanged, the flange having six openings for bolting the weight to the wheel. On the other side it was beveled. In mounting, the beveled side would be inserted inside the rim of the wheel and bolts then used to fasten it securely to the wheel. At the time in question, the wheel was leaning against the work bench at a small angle to vertical, and the wheel weight was set inside the rim but was not bolted down or fastened in any way.

One Woodrow Dismuke, an employee of defendants, on the day of the accident had been servicing a new tractor for delivery to a customer, and as part of his work had removed the wheel in question from the tractor and set it against the bench preparatory to installing the wheel weight on the wheel. He testified that at about 11:30 a.m. he was called out of the shop on a service call just as he was carrying the weight to the wheel, and so he placed the weight in the wheel without fastening it, and went out.

Plaintiff's testimony was to the effect that, as he walked past the bench and wheel, the weight suddenly and without warning fell on his foot and then began to topple against his leg, and so he grabbed it and sort of eased and shoved it off his foot. He said he had not observed the tractor wheel previous to the accident because he was looking for the seat, but at about the same time as the accident he caught a glimpse of the wheel leaning against the bench. He said he did not touch or move the wheel or weight before the accident. Certain purported admissions of plaintiff, which he denied, to the effect he grabbed the wheel as he went to sit down on the seat, thus presumably causing the weight to fall, merely created a conflict in the evidence which the trial court decided adversely to appellants.

Appellants contend most earnestly that the accident could not have happened in the manner described by respondent. They argue that with the wheel and weight placed inside its rim both slanted away from plaintiff there was no way in which the weight could have come out from the rim onto plaintiff's foot without the intervention of some outside agency, and, since plaintiff denied touching or moving the wheel and was alone in the shop at the time, his story of the accident is inherently improbable, physically impossible, and demonstrably false. They rely upon and quote the following from the case of *Austin* v. *Newton*, 46 Cal.App. 493, at page 497 [189 P. 471] :

"Undoubtedly an appellate court, in reviewing the evidence, is bound to exercise its intelligence, and in doing so must recognize that certain facts are controlled by immutable physical laws. It cannot permit the verdict of a jury to change such facts, because . . . to do so would, in effect, destroy the intelligence of the court. And when the undisputed circumstances show that the story told by litigant and his witnesses cannot by any possibility be true, or when their testimony is inherently impossible, the appellate court should not hesitate to reverse the judgment. . . .

"On the other hand, as an appellate court, it is our bounden duty to exercise great care and caution in applying the tests of common sense and common knowledge of physical laws to a given state of facts. Common experience and observation teach us that strange and astonishing things sometimes happen in the world of physical phenomena, and accidents sometimes appear to happen in manner unaccountable. For these reasons an appellate court must be careful not to give to dogmatic and undemonstrated conclusions respecting natural laws precedence over the testimony of apparently credible witnesses; and the mere fact that the admitted circumstances make the story of the witnesses seem improbable will not justify a reversal by an appellate tribunal upon the ground that the verdict is contrary to the evidence. . . . Unless, therefore, we can say that, under the undisputed physical facts, the accident could not possibly have been due to defendant's negligence as alleged in the complaint, we must affirm the judgment. It is not sufficient that the story told by plaintiff and his witnesses may be improbable. It is for the jury or the trial judge to weigh and balance probabilities. We cannot reverse upon the ground that the finding of negligence is contrary to the evidence unless we can see that the fact as found contravenes

recognized physical laws, and that therefore it is impossible that the accident could have been due to the negligence alleged in the complaint.'' This language was quoted with approval in *Neilson* v. *Houle*, 200 Cal. 726, at 729 [254 P. 891].

Respondent does not quarrel with the above-stated rule but contends that upon the facts and circumstances appearing in the record in the instant case it cannot be held as a matter of law that the evidence of respondent is ''either inherently incredible or is plainly opposed to common sense and practical experience in the light of the physical facts involved.'' We agree with respondent.

In the instant case we find the weight was resting inside the rim of the wheel in a nearly vertical position on its outer edge which was beveled where it fitted into the rim. Therefore, if the angle of the bevel were greater than the angle at which the wheel was resting against the bench, in such position the weight would have a certain tendency to slide out, being held in place only by the force of friction, the tendency being greater or smaller as the bevel was angled more or less. Witness Dismuke testified he dropped the weight in the rim without bolting it in place, upon receiving a service call. The weight, therefore, may well have been not fully inserted into the rim; in other words, it could have been at a slightly greater angle from vertical than the wheel itself, with the bottom of the weight being further out from the edge of the rim than the top of the weight. This would leave the weight resting on a comparatively small surface in contact with the rim of the wheel and, independently of the factor of the beveled edge, in an unstable position likely to slide out, the probability of which depending on how much it was displaced from a complete insertion. Appellants' argument is and must necessarily be predicated upon the assumption that the weight was firmly set in the rim by its employee, Dismuke. However, the following testimony of Dismuke appears in the record:

''A. I took the wheel off the tractor and rolled it up to the bench and leaned it over against the bench and walked over and picked up the wheel weight and carried it over there and laid it in the tire, and they hollered, 'service call,' so I dropped it right there.

''Q. What do you mean you dropped it? A. In the wheel.

''Q. In the wheel? A. Yes, I dropped it in the wheel and I went on my service call.''

If the weight was firmly set in the wheel it could not have

fallen, but the fact remains that it did fall. The record indicates that the court examined the wheel in question outside of the courtroom upon the motion of appellants, and from this examination, the photograph of the wheel, and the testimony as to the angle from vertical of the wheel as it stood against the bench, the court no doubt concluded that the angle of the bevel was greater than the angle of the wheel as it stood against the bench.

In view of the testimony of Dismuke and of respondent as to how the accident happened, the court could reasonably draw the inference that the weight had not been completely inserted in the rim and was thus precariously situated and likely to fall. This is indicated by the following statement of the court at the conclusion of the evidence and before it took the case under submission:

". . . Now if the plaintiff's side of the story is to be taken here, that as he was walking by, without touching or seeing this thing at all, that the weight suddenly dropped upon his foot, I would say if that is true and that actually happened, that the defendants would be liable here for leaving a tire in such a position that it might fall, or did fall. If that was to be taken as true. But on the other hand, if you take the defendants' side of it as being true, it was laying over there on a 45 degree angle and it could not have done that, but the argument of that is that the fact is that it did fall out. Now you can draw from that that it was not sitting at a 45 degree angle; that it was sitting at a very unsafe angle. At some other position, because of the fact that it did fall out. So I will think it over some time before I decide the matter."

We are convinced that the evidence supports the court's finding that the accident happened in the manner described by respondent and that he was injured as a proximate result of defendants' negligence in leaving the heavy weight in a position where it might suddenly fall upon or against someone passing near it. While appellants may have demonstrated that the accident was somewhat unusual, improbable and unique, they have failed to establish that the judgment lacks evidentiary support.

While, as we have hereinbefore pointed out, the record supports the findings that appellants were negligent and that such negligence was a proximate cause of respondent's injuries, it is also true that the doctrine of res ipsa loquitur is applicable. ▮ As declared in *Ybarra* v. *Spangard,* 25 Cal. 2d 486, at page 489 [154 P.2d 687, 162 A.L.R. 1258]:

"The doctrine of res ipsa loquitur has three conditions: '(1) the accident must be of a kind which ordinarily does not occur in the absence of someone's negligence; (2) it must be caused by an agency or instrumentality within the exclusive control of the defendant; (3) it must not have been due to any voluntary action or contribution on the part of the plaintiff.' (Prosser, Torts, p. 295.)"

We think it is clear that when the weight fell upon respondent's foot it was the kind of accident which ordinarily does not occur unless someone has been negligent. We think it is clear also that the wheel and the premises were exclusively in the control of appellants and also that there was no evidence that the accident was caused by any voluntary action or contribution on the part of respondent. Therefore, under the doctrine of res ipsa loquitur the court, upon the evidence in the instant case, could properly have drawn the inference that the proximate cause of the accident was the negligence of appellants.

The judgment is affirmed.

Van Dyke, P. J., and Peek, J., concurred.