[Civ. No. 9091.   Third Dist.   Nov. 30, 1956.]

S. A. ANDERSON, Appellant, v. HARRY JOSEPH et al., Respondents.

[Civ. No. 9092.   Third Dist.   Nov. 30, 1956.]

HARRY JOSEPH et al., Respondents, v. S. A. ANDERSON, Appellant.

Lin Griffith for Appellant.

John D. Chinello for Respondents.

VAN DYKE, P. J.—Respondents have moved to dismiss the appeal in each of the above entitled cases.

In the case of *Anderson* v. *Joseph et al., 3 Civil No. 9091,* Anderson obtained a judgment against the Joseph Brothers in the sum of $4,694.05 and they appealed. On December 19, 1955, this court filed its decision affirming the judgment. (See *Anderson* v. *Joseph,* 136 Cal.App.2d 382 [288 P.2d 524].) Prior thereto on October 10, 1955, counsel for appellant Anderson, apparently responding to oral suggestions of counsel for appellants, hereinafter called Joseph Brothers, wrote a letter to their counsel stating that Anderson would take in settlement the principal amount of the judgment plus costs or a total of $4,764.05 and would waive the accumulated interest. On October 17th counsel for Joseph Brothers replied, stating that his clients had accepted the offer to settle and that he had written to obtain a draft payable to Anderson and his counsel in full satisfaction of the judgment. He stated

that he was writing to this court advising it that the appeal was being disposed of by settlement. Apparently there was some hiatus in these arrangements and this court filed its decision affirming the judgment. Thereupon respondent refused to abide by the settlement agreement and demanded full payment of judgment and interest. Thereafter and because of certain proceedings which will be hereinafter related, the clerk of the trial court entered a satisfaction of the judgment and appellant Anderson has noticed an appeal from the act of the clerk in filing the satisfaction. A motion has been made to dismiss this appeal and it must be granted.

No appeal lies from the act of the clerk in satisfying a judgment of record. Where a satisfaction of judgment has been erroneously entered, the remedy is for the judgment holder either to move in the case in which the judgment was rendered for an order cancelling the entry of satisfaction or to commence an independent action in equity. (*Kinnison* v. *Guaranty Liquidating Corp.*, 18 Cal.2d 256 [115 P.2d 450].)

After the refusal of Anderson to go through with the settlement which it was claimed he had made through his counsel, Joseph Brothers brought an action against him based upon the alleged agreement. In their complaint they asked a judgment that Anderson be decreed to perform and be ordered to execute satisfaction of judgment upon payment to him of the settlement sum. Joseph Brothers asked for and obtained an order of court directing Anderson to show cause why he should not be temporarily enjoined pending the decision in the cause from causing execution to issue upon his judgment and from causing levy to be made upon property of the judgment debtors. Thereafter, the following occurred: The order to show cause came on for hearing. The letters concerning the settlement were read to the court and there was received an affidavit of Anderson wherein he denied that he had ever offered to settle, or had settled, his judgment claims against Joseph Brothers. Thereupon, the trial court stated that when both attorneys had agreed on the settlement the matter was out of the hands of the client and that if the client had not authorized his attorney to settle, his recourse was against the attorney in a malpractice suit. It then appeared that counsel for Joseph Brothers had in his possession a draft which he had tendered in fulfillment of the alleged agreement and the court instructed him to file the draft with the clerk, stating that the court would order the action of *Joseph Brothers* v. *Anderson* to be dismissed, and would also order

the clerk to send the draft to the attorney who had represented Anderson in the suit against Joseph Brothers. The court stated that the attorneys had made an agreement and that it would be carried out. It thereupon stated that the temporary injunction would not be granted. The minute book shows the following: "Motion for injunction is denied on condition that the plaintiff deliver to the defendant, a draft in the amount set forth in the judgment and in accordance with the agreement set forth in the exchange of letters between the attorneys. It is further ordered that the Clerk of the Court deliver to Gilbert Moody, attorney for the defendant, the above-mentioned draft. It is further ordered that if the defendant fails to file a Satisfaction of Judgment for which the draft is intended, by January 23, 1956, the Clerk of the Court is instructed and directed to enter said Satisfaction of Judgment for and on behalf of the defendant." The minutes show no order dismissing the action. Thereafter, as above stated, the clerk did enter satisfaction of judgment in the case of *Anderson* v. *Joseph Brothers*.

Anderson filed notice of appeal in the action of Joseph Brothers against him, stating that he appealed from the order and judgment in the action made and entered on January 16, 1956, the date of hearing the motion for temporary injunction, which we construe as being an appeal from the orders reflected in the minute book of the clerk as above stated. Joseph Brothers have moved to dismiss the appeal.

■ An appeal lies from an order granting or refusing to grant an injunction (Code Civ. Proc., § 963, subd. 2; *Woodbine* v. *Van Horn*, 29 Cal.2d 95, 108 [173 P.2d 17]; *Gray* v. *Bybee*, 60 Cal.App.2d 564, 571 [141 P.2d 32]), but no injunction was granted against Anderson. Although the order denying is conditional in form, yet it does not enjoin him from doing, nor order him to do, any act. The remainder of the court's orders appearing in the minutes of January 16th and referred to in the notice of appeal have to do with ordering counsel for Joseph Brothers to deliver the settlement draft to the clerk of the court and ordering the clerk of the court to deliver the same to Mr. Moody, trial and appeal attorney for Anderson, and with ordering that if Anderson should fail to file a satisfaction of judgment in the other action within a given time then the clerk was to enter the satisfaction for him. These orders had the effect of determining the second action on the merits and there is nothing in the record from which it can be inferred or deduced that the

parties consented to such a determination. The court was convened simply to hear the motion for temporary injunction. Apparently the court considered that under the evidence introduced upon that hearing there was no factual issue between the parties, they being bound by the arrangements made by their counsel. ■ It may be presumed that counsel have authority for acts done in behalf of their clients, but that presumption in this case merely created an issue as against the affidavit of Mr. Anderson that in fact he had not given Mr. Moody such authority. ■ "An attorney does not, without specific authorization, possess the power or authority to bind his client by a compromise settlement of pending litigation." (6 Cal.Jur.2d, Attorneys at Law, § 160.) There was, therefore, a factual issue to be determined when the merits of the action should have been heard. ■ In any event, unless based upon stipulation or other satisfactory showings submitting the cause on the merits, the court was without jurisdiction to determine the merits upon the hearing of a motion for a temporary injunction and the orders purporting to do so are void.

■ The second case stands as follows: The complaint has not been answered, the issues have not been tried, and the cause, therefore, stands in the court undetermined and subject to the usual procedure leading up to and terminating in a trial of the action. The orders made do not constitute final judgment in the action nor is any order made, appealable under Code of Civil Procedure, section 963, subdivision 2.

The motion to dismiss the appeal is granted in each case.

Peek, J., and Schottky, J., concurred.